UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GISSELLE RUIZ,
Individually and on behalf of all others
Similarly situated,
Plaintiff,

v.

BALLY TOTAL FITNESS HOLDING CORP.,
A Delaware Corporation, and
HOLIDAY UNIVERSAL, INC.,
A Delaware Corporation,
Defendants.

Civil Action No.05-11052 NMG

**LOCAL RULE 81.1 FILING**

Pursuant to Local Rule 81.1, Defendants, Bally Total Fitness Holding Corporation ("Bally") and Holiday Universal, Inc. ("Holiday"), submit herewith certified copies of all records and proceedings in the state court action and a certified copy of all docket entries in the state court. The documents are attached as follows:

| | |
|---|---|
| Tab A | Docket as of June 20, 2005 |
| Tab B | Civil Action Cover Sheet dated April 15, 2005 |
| Tab C | Class Action Complaint dated April 19, 2005 |
| Tab D | Notice of Filing Notice of Removal dated May 19, 2005 |

Respectfully submitted,

BALLY TOTAL FITNESS HOLDING CORP.
and HOLIDAY UNIVERSAL, INC.,

By their attorneys,

Howard M. Cooper (BBO #543842)
Kathleen M. Genova (BBO # 563359)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: June 20, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within document was served upon counsel of record for the Plaintiff, John J. Roddy, Jr., Esq., Roddy Klein & Ryan, 727 Atlantic Avenue, Boston, MA 02111, by sending a copy of the same to him by hand-delivery this 20th day of June, 2005.

Kathleen M. Genova

MAS-20031124
dimarino

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/20/2005
09:36 AM

## SUCV2005-01496
## Ruiz v Bally Total Fitness Holding Corp et al

| | | | |
|---|---|---|---|
| **File Date** | 04/19/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 05/20/2005 | **Session** | H - Civil H, 3 Pemberton Square, Boston |
| **Origin** | 1 | **Case Type** | E99 - Miscellaneous |
| **Lead Case** | | **Track** | X |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 07/18/2005 | **Answer** | 09/16/2005 | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | 10/16/2005 | **Disposition** | 11/15/2005 | **Jury Trial** | No |

**PARTIES**

| | |
|---|---|
| **Plaintiff**<br>Gisselle Ruiz<br>Active 04/19/2005 | **Private Counsel 424240**<br>John J Roddy<br>Roddy Klein & Ryan<br>727 Atlantic Ave, 2nd fl<br>Boston, MA 02111<br>Phone: 617-357-5500<br>Fax: 617-357-5030<br>Active 04/19/2005 Notify<br><br>**Private Counsel 560769**<br>Gary Klein<br>Roddy Klein & Ryan<br>727 Atlantic Avenue 2nd Fl<br>Boston, MA 02111<br>Phone: 671-357-5500<br>Fax: 617-357-5030<br>Active 04/19/2005 Notify<br><br>**Private Counsel 549632**<br>Elizabeth A Ryan<br>Roddy Klein & Ryan<br>727 Atlantic Avenue, 2nd fl<br>Boston, MA 02111<br>Phone: 617-357-5500<br>Fax: 617-357-5030<br>Active 04/19/2005 Notify |
| **Defendant**<br>Bally Total Fitness Holding Corp<br>Service pending 04/19/2005 | **Private Counsel 543842**<br>Howard M Cooper<br>Todd & Weld<br>28 State Street<br>31st Floor<br>Boston, MA 02109<br>Phone: 617-720-2626<br>Fax: 617-227-5777<br>Active 05/20/2005 Notify |

MAS-20031124
dimarino

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/20/2005
09:36 AM

## SUCV2005-01496
## Ruiz v Bally Total Fitness Holding Corp et al

| | |
|---|---|
| | **Private Counsel 563359**<br>Kathleen M Genova<br>Todd & Weld<br>28 State Street, 31st Floor<br>Boston, MA 02109<br>Phone: 617-720-2626<br>Fax: 617-227-5777<br>Active 05/20/2005 Notify |
| **Defendant**<br>Hodiday Universal Inc<br>Service pending 04/19/2005 | **Private Counsel 543842**<br>Howard M Cooper<br>Todd & Weld<br>28 State Street<br>31st Floor<br>Boston, MA 02109<br>Phone: 617-720-2626<br>Fax: 617-227-5777<br>Active 05/20/2005 Notify<br><br>**Private Counsel 563359**<br>Kathleen M Genova<br>Todd & Weld<br>28 State Street, 31st Floor<br>Boston, MA 02109<br>Phone: 617-720-2626<br>Fax: 617-227-5777<br>Active 05/20/2005 Notify |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 04/19/2005 | 1.0 | Complaint |
| 04/19/2005 | | Origin 1, Type E99, Track X. |
| 04/19/2005 | 2.0 | Civil action cover sheet filed |
| 05/19/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Bally Total Fitness Holding Corp. and Holiday Universal, Inc.., U. S. Dist.#(05-11052NMG). |
| 05/20/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON June 20, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1496 | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Gisselle Ruiz | Bally Total Fitness Holding Corp., and Holiday Universal, Inc., a Delaware Corp. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>John Roddy, Roddy Klein & Ryan, 727 Atlantic Ave., 2nd floor Boston MA 02111 (p)617.357.5500<br>Board of Bar Overseers number: | ATTORNEY (if Known) |

**Original code and track designation**

Place an x in one box only:

- [x] 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (after trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgement/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E99 | Other | (F) | (x) YES ( ) NO |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses $ ______
2. Total Doctor expenses $ ______
3. Total chiropractic expenses $ ______
4. Total physical therapy expenses $ ______
5. Total other expenses (describe) $ ______

Subtotal $ ______

B. Documented lost wages and compensation to date $ ______
C. Documented property damages to date $ ______
D. Reasonably anticipated future medical and hospital expenses $ ______
E. Reasonably anticipated lost wages $ ______
F. Other documented items of damages (describe) $ ______

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $ ______

TOTAL $ ______

SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE
2005 APR 19 A 11:16
MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Defedants' use of illegal, unfair and deceptive contract provisions violate M.G.L. c. 93 sec. 78 etseq., the Health Club Services Contracts Act, and common law. Plaintiff seek damages, injunctive and declaratory relief.

TOTAL $ ______

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

**Signature of Attorney of Record** [signature] **DATE:** 4/15/05

AOTC-6 mtc005-11/99
a.o.s.c. 1-2000

I HEREBY ATTEST AND CERTIFY ON 5-17-05 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.
05-1496-H

GISSELLE RUIZ,
individually and on behalf of all others
similarly situated,

Plaintiff

v.

BALLY TOTAL FITNESS HOLDING CORP.,
a Delaware Corporation
HOLIDAY UNIVERSAL, INC.
a Delaware Corporation

Defendants

SUPERIOR COURT
CIVIL CLERK'S OFFICE
2005 APR 19 A 11:16
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

**Class Action Complaint**

**Introduction**

Plaintiff Gisselle Ruiz brings this class action against defendants Bally Total Fitness Holding Corporation and Holiday Universal, Inc. (collectively and referred to in the singular as "Bally's") to stop their use of illegal, unfair and deceptive contract provisions and to obtain restitution for all persons injured by their conduct in Massachusetts ("Class Members").

**Nature Of Action**

1. Through its form health club membership agreements, Bally's violates the express provisions of M.G.L. c. 93 § 78 *et seq.*, the Health Club Services Contracts Act (the "Act"), in two distinct ways:

a.) Bally's contracts contain a substantial upfront "membership fee" (here $1,565) as well as "monthly dues" of a nominal amount (here $8). The initial contract term is one month, and is renewable on a month-to-month basis contingent upon payment of the "monthly dues". Bally's finances the "membership fee" over a thirty-six month period, in violation of section 80 of the Act, which expressly prohibits financing that extends more than one month beyond the end of the contract term.

b.) Bally's contracts require members to agree not to assert any claim against it "for the loss or theft of, or damage to, [their] personal property". Section 78 of the Act, however, expressly prohibits "any provisions whereby the buyer agrees not to assert against the seller .... any claim or defense arising out of the health club services contract or buyer's activities at the health club." This provision of Bally's contracts also violates the prohibition on waiver of consumer rights separately codified in M.G.L. c. 93, §101.

2. As Bally's form contracts do not comply with the Act, they are, pursuant to M.G.L. c. 93 § 85, void and unenforceable as contrary to public policy.

3. Ms. Ruiz, individually and on behalf of all Class Members, seeks damages, injunctive and declaratory relief for Bally's violations of M.G.L. c. 93, § 78, *et seq*, violation of M.G.L. c. 93, § 101, and the common law.

**Jurisdiction**

4. This Court has jurisdiction over the defendants pursuant to M.G.L. c. 223A, § 3. Additionally, this Court has jurisdiction over the defendants and over this matter generally pursuant to M.G.L. c. 212, § 4, M.G.L. c. 214, § 1 and M.G.L. c. 231A.

**Venue**

5. Venue is proper in this county pursuant to M.G.L. c. 223, § 8 because defendants do business here and may sue or be sued here.

**Parties**

6. Gisselle Ruiz is a Massachusetts resident residing in Worcester County.

7. Bally's Total Fitness Holding Corp. ("BTF Holding"), is a Delaware corporation with its principal place of business in Chicago, Illinois.

8. Holiday Universal, Inc. ("Holiday"), is a Delaware corporation. Holiday operates the Bally's health club located at 535 Lincoln Plaza, Worcester, Massachusetts.

9. BTF Holding, operating under the name Bally Total Fitness, is one of the leading owners and operators of health and fitness clubs in Massachusetts, operating, together with its wholly-owned subsidiaries (including Holiday), clubs at approximately twelve locations state-wide.

10. BTF Holding drafts form health club agreements and provides them to its subsidiaries, including Holiday, with instructions to use them in the regular course of business.

**Facts**

11. On or about March 11, 2004, Ms. Ruiz entered into a Retail Installment Sale Agreement with Holiday, at its Worcester, Massachusetts location. A copy of the contract is attached hereto as Exhibit A.

12. Defendants prepared the printed form contract used in the above transaction, which form is identical in all material respects to that entered into with putative Class Members.

13. Under the express terms of the contract, Ms. Ruiz's membership was for an "initial term [of] one month", "renewable" on a month to month basis at her option upon payment of the monthly "membership fee" of $8. The contract provides for Bally's "membership fee" of $1,565.00, less a $150 down payment, to be financed over a period of 36 months. The disclosed finance charge of $344.68 was based upon an annual percentage rate of 14.75% per annum.

14. In 2004, Ms. Ruiz requested that Bally's cancel her membership and cancel her obligation to pay the balance of her "membership fee" for the remaining term of her financing agreement with Bally's. Bally's refused.

## Applicable Law – And Bally's Violations Thereof

15. Bally's three year financing of the "membership fee" violates M.G.L. c. 93, § 80, which prohibits health clubs from selling contracts that require payments or financing by the buyer that extend more than one month beyond the expiration of the contract.

16. By selling such illegal contracts, Bally's harms Ms. Ruiz and Class Members in at least two ways. First, by financing its substantial "membership fee" for nearly three years after the initial term of the contract, Bally's effectively locks members into long-term contracts. Second, Bally's use of such prohibited long-term financing imposes hundreds of dollars of illegal interest upon each of the putative Class Members.

17. Additionally, Section 7 of Bally's form contract provides that "you agree that we will not be liable for loss or theft of, or damage to, the personal property of members or guests."

18. This provision violates M.G.L. c. 93 § 78, which prohibits "any [contract] provisions whereby the buyer agrees not to assert against the seller … any claim or defense arising out of the health club services contract or buyer's activities at the health club."

## Class Allegations

19. Ms. Ruiz brings this action on behalf of herself and all persons similarly situated, defined as all persons who:

a) Purchased a health club services membership at a Bally's health club in Massachusetts;

b) Executed a contract that required payments or financing by the buyer that extended more than one month beyond the expiration of the contract; and/or

c) Executed a contract which included a provision by which the buyer agreed that Bally's would not be liable for loss or theft of, or damage to, the personal property of members or guests.

20. The class period for all counts is three years prior to the filing of this complaint.

21. The members of the putative class number in the tens of thousands and are widely dispersed geographically such that joinder is impracticable.

22. Common questions of law and fact exist as to all putative members of the class and predominate over questions affecting individual members of the class. Common questions include:

a) Does Bally's Contract provision wherein members finance their initiation fees over a 36 month period, when the initial duration of the contract is only for one month, violate M.G.L. c. 93 § 80?

b) Does Bally's inclusion of Section 7 in its Contracts requiring members to agree not to assert certain claims or defenses against Bally's violate M.G.L. c. 93 § 78?

c) Does Bally's inclusion of a provision in its Contracts requiring members to agree not to assert certain claims or defenses against Bally's violate G.L. c. 93 § 101?

d) Are class members entitled to damages for unjust enrichment and/or monies had and received?

23. Plaintiff will fairly and adequately protect the interests of the class, her claims are typical of the claims of the class, and she has retained counsel competent and experienced in complex class action litigation.

24. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the class is impracticable, and (b) many members of the class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

**Damages**

25. Plaintiff and Class Members were damaged by Bally's illegal conduct in that they:

a) paid hundreds of dollars in illegal interest charges;

b) paid and continue to pay Bally's for fees pursuant to illlegal and unenforceable Contracts; and/or

c) were deprived by Bally's of the benefits and protections of the law and suffered a diminution in the value of their Contracts thereby.

**Causes Of Action**

**Count I**

**(Violations of M.G.L. c. 93 § 78, *et seq.*)**

26. Plaintiff incorporates by reference and re-alleges the foregoing allegations.

27. Bally's form Contracts fail to conform to M.G.L. c. 93 § 78, *et seq.*, in that they contain financing terms which violate the express prohibitions of section 80 of the Act.

28. Bally's form Contracts fail to conform to M.G.L. c. 93 § 78, *et seq.*, in that they contain a waiver clause which violates the express prohibitions of section 78 of the Act.

29. Pursuant to § 86 of the Act, the Class Members are entitled to recover damages and other relief due to Bally's violations.

**Count II**

**(Unjust Enrichment)**

30. Plaintiff incorporates by reference and re-alleges the foregoing allegations.

31. Bally's has been wrongfully and unjustly enriched by its enforcement of illegal agreements.

32. In addition and in the alternative, Bally's has been wrongfully and unjustly enriched by its inclusion and use of illegal contract provisions.

33. It is against equity and good conscience to permit Bally's to retain the monies and benefits obtained as a result of the wrongful practices described above.

**Count III**

**(Money Had And Received)**

34. Plaintiff incorporates by reference and re-alleges the foregoing allegations.

35. Bally's received money belonging to the plaintiff and the Class.

36. Bally's benefited from receipt of the money.

37. Under principles of equity and good conscience, Bally's should not be allowed to keep the money.

**Count IV**

**(Declaratory Judgment)**

38. Plaintiff incorporates by reference and re-alleges the foregoing allegations.

39. Plaintiff seeks a declaration of her rights and those of the class under the form contracts challenged, specifically a declaration that Bally's contracts violate M.G.L. c. 93 §§ 78, 80 and 101.

40. Bally's continues to maintain that its agreements are not illegal and attempts to enforce those agreements to the detriment of its members.

41. An actual controversy exists as to whether Bally's agreements are illegal, as fully set forth within this Complaint, and as such declaratory relief is appropriate pursuant to M.G.L. c. 231A(1).

## Relief Requested

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays that the Court:

a. Certify this case as a class action with the named plaintiff as class representative and her attorneys as counsel on behalf of the class described herein;

b. Enter an order declaring Defendants' Contracts in violation of M.G.L. c. 93, § 78, *et seq.* and M.G.L. c. 93, § 101 and allowing Class Members the right to rescind the contracts at their election;

c. Enter an order enjoining Defendants from (1) including the illegal provisions identified above in future agreements and (2) relying upon such provisions to the detriment of Class Members;

d. Enter judgment against Defendants for the actual damages sustained by plaintiff and Class Members by reason of the unlawful conduct alleged above;

e. Pursuant to M.G.L. c. 93, § 86, enter judgment against Defendants for a multiple of the actual damages sustained by plaintiff and Class Members; and

f. Grant such other and further relief as the Court may deem just and appropriate in the circumstances.

Respectfully submitted,
Gisselle Ruiz
By her attorneys:

John Roddy, BBO #424240
Gary Klein, BBO #560769
Elizabeth Ryan, BBO #549632
Roddy, Klein & Ryan
727 Atlantic Avenue, 2d Floor
Boston, MA 02108
Telephone: (617) 357-5500, ext. 16
Fax: (617) 357-5030

I HEREBY ATTEST AND CERTIFY ON 5-17-05, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

## JURY DEMAND

Plaintiff demands a trial by jury.

John Roddy

Date: April 14, 2005

Suffolk Superior Civil #05-1496

COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GISSELLE RUIZ, Individually and on behalf of all others Similarly situated, Plaintiff | 05 11052 NMG |
| v. | Civil Action No. |
| BALLY TOTAL FITNESS HOLDING CORP., A Delaware Corporation, and HOLIDAY UNIVERSAL, INC., A Delaware Corporation, Defendants | |

I hereby certify on 5/19/05 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 5/19/05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: [signature]
Deputy Clerk

**NOTICE OF REMOVAL**

PLEASE BE ADVISED that on this 19th day of May, 2005, the Defendants, Bally Total Fitness Holding Corporation and Holiday Universal, Inc., hereby remove this action, pursuant to 28 U.S.C. §§ 1441(a) and 1446, to the United States District Court for the District of Massachusetts from the Suffolk County Superior Court, Commonwealth of Massachusetts. The removed action had Suffolk County Civil Action No. 2005-01496.

The grounds for removal are diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiff, Gisselle Ruiz, an alleged Massachusetts resident, filed a putative Class Action Complaint against Defendants, two out of state corporations with their principal places of business out of state. On the face of her putative Class Action Complaint, the Plaintiff asserts single damages in excess of $6,900,000 and further seeks multiple damages under the Massachusetts Health Club Services Act, M.G.L. c. 93, § 86.

Attached hereto is a true and accurate copy of the informational copy of the putative Class Action Complaint Ms. Ruiz's counsel sent Defendant, Holiday Universal, Inc. Plaintiff has not yet served Defendants with any process, pleadings, or orders in the action.

Respectfully submitted,

BALLY TOTAL FITNESS HOLDING CORP. and HOLIDAY UNIVERSAL, INC.,

By their attorneys,

I HEREBY ATTEST AND CERTIFY ON June 20 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature] asst. Clerk

[signature]

Howard M. Cooper (BBO #543842)
Kathleen M. Genova (BBO # 563359)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: May 19, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within document was served upon all counsel of record by sending copies of the same to them by hand delivery, this 19th day of May, 2005.

[signature]
Kathleen M. Genova

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

GISSELLE RUIZ,
Individually and on behalf of all others
Similarly situated,

Plaintiff

v.

BALLY TOTAL FITNESS HOLDING CORP.
A Delaware Corporation
HOLIDAY UNIVERSAL, INC.
A Delaware Corporation

Defendants

Civil Action No. 2005-01496

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2005 MAY 19 P 4: 02
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

**NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE BE ADVISED that on May 19, 2005 this action, pursuant to 28 U.S.C. §§ 1441(a) and 1446, was removed to the United States District Court for the District of Massachusetts pursuant to a Notice of Removal dated May 19, 2005, a copy of which is attached to this Notice.

WHEREFORE, Defendants, Bally Total Fitness Holding Corp. and Holiday Universal, Inc., respectfully give notice that the Superior Court for Suffolk County is required to effect the removal of this case and shall proceed no further in this action pursuant to 28 U.S.C. § 1446(d) unless and until it is remanded.

Respectfully submitted,

BALLY TOTAL FITNESS HOLDING CORP. and HOLIDAY UNIVERSAL, INC.,

By their attorneys,

Howard M. Cooper (BBO #543842)
Kathleen M. Genova (BBO # 563359)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: May 19, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within document was served upon all counsel of record by sending copies of the same to them by hand delivery, this 19th day of May, 2005.

Kathleen M. Genova