UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GISSELLE RUIZ, individually and on behalf of all others similarly situated, </br></br>　　　　　　　Plaintiff </br></br>　　　　v. </br></br> BALLY TOTAL FITNESS HOLDING CORP., a Delaware Corporation, and HOLIDAY UNIVERSAL, INC. a Delaware Corporation, </br></br>　　　　　　　Defendants | Civil Action No. 05-11052-NMG |

**JOINT STATEMENT PURSUANT TO FED R. CIV. P. 26(f)
AND LOCAL RULE 16.1**

Plaintiff, Giselle Ruiz, and Defendants, Bally Total Fitness Holding Corporation ("Bally") and Holiday Universal, Inc. ("Holiday"), submit this Joint Statement in accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1.[1] The parties held the conference required by Local Rule 16.1(B) on July 13, 2005 and submit the proposed schedules outlined below pursuant to the discussions they had on that date.

**A.　Proposed Agenda for Scheduling Conference**

The parties propose that the agenda for the initial scheduling conference include the following issues:

　　1.　Discussion of the parties' respective proposed case schedules, including

---

[1] In submitting this statement, Defendants expressly reserve and do not waive all their defenses to this action, including without limitation Bally's defense of lack of personal jurisdiction. Defendants intend to submit a motion to dismiss at the appropriate time raising this and other defenses.

1

        a.      a possible stay sought by Bally's and Holiday, pending the Supreme Judicial Court's decision in *Albats v. Town Sport International*, SJC-09432, and a briefing schedule for the anticipated motion pertaining thereto;

        b.      possible phasing of discovery sought by Bally's and Holiday, and a briefing schedule for the anticipated motion pertaining thereto;

        c.      Amendment of pleadings and motions directed at pleadings;

        d.      Class certification motion; and

        e.      Dispositive motions;

2.      Date of the next scheduling conference; and,

3.      Status of settlement discussions.

**B.**      **<u>Proposed Pretrial Schedule</u>**

The parties' good faith efforts to establish a joint scheduling proposal were unsuccessful, as the proposal below reflects. The parties were not able to agree concerning Bally's and Holiday's proposed stay or whether discovery should be phased. Accordingly, the parties submit the following proposed discovery schedules:

*Ms. Ruiz's Proposed Schedule*

| Event | Deadline |
|---|---|
| Local Rule 26.2(A) automatic disclosures | August 15, 2005 |
| Amendment of pleadings | September 2, 2005 |
| Motions directed at pleadings | October 14, 2005 |
| Parties complete discovery | January 20, 2006 |
| Motion in support of class certification | March 3, 2006 |
| Opposition to class certification | April 7, 2006 |
| Parties file dispositive motions | June 16, 2006 |
| Joint Pretrial Memorandum | September 15, 2006 |
| Trial Scheduled | October 10, 2006 |

*Bally and Holiday's Proposed Schedule*

| Event | Deadline |
|---|---|

Pleadings – 3 months:

| Event | Deadline |
|---|---|
| Amendment of pleadings | 2 weeks after *Albats* ruling |
| Motions directed at pleadings | 2 months after *Albats* ruling |
| Oppositions to motions directed at pleadings | 3 months after *Albats* ruling |

Class Certification Phase – 6 months:

| Event | Deadline |
|---|---|
| Local Rule 26.2(A) automatic disclosures re: class certification issues | 1 month after motion to dismiss ruling |
| Written discovery requests & depositions re: class certification issues | 3 months after motion to dismiss ruling |
| Motion in support of class certification | 4 months after motion to dismiss ruling |
| Opposition to class certification | 5 months after motion to dismiss ruling |

| | |
|---|---|
| Class certification hearing | 6 months after motion to dismiss ruling |

Merits Phase – 9 months:

| | |
|---|---|
| Local Rule 26.2(A) automatic disclosures re: merits issues | 1 month after class certification ruling |
| Written discovery requests & depositions re: merits | 4 months after class certification ruling |
| Expert disclosures re: merits issues | 5 months after class certification ruling |
| Expert depositions re: merits issues | 6 months after class certification ruling |
| Dispositive Motions | 7 months after class certification ruling |
| Opposition to dispositive motions | 8 months after class certification ruling |
| Dispositive motion hearing | 9 months after class certification ruling |

Pretrial – 4 months:

| | |
|---|---|
| Settlement Conference | 1 month after dispositive motion ruling |
| Joint Pretrial Memorandum | 3 months after settlement conference |
| Final Pretrial Conference | 4 months after settlement conference |

**C.    Magistrate Judge**

The parties, at this time, do not consent to a trial by magistrate judge.

**D.    Settlement**

Ms. Ruiz sent a settlement demand to Bally and Holiday via her Chapter 93A demand letter.  Her position on settlement remains unchanged.

Bally and Holiday assert that the named plaintiff sustained no injury from the alleged technical statutory violations, assuming *arguendo* the statute was violated, which they deny.

Nevertheless, in its response to Ms. Ruiz's demand letter purportedly sent under Chapter 93A, Holiday made the following class-wide offer:[2]

> Holiday proposes to modify Section 8, "Valuables and Personal Property," of its Massachusetts contract forms to read as follows:
>
> > Health and fitness clubs experience some incidents of theft, including theft from lockers. Accordingly, members and their guests are warned not to bring valuable personal property to the Club. Members and their guests agree to take all reasonable precautions to protect any personal property that they choose to bring to a club.
>
> Holiday proposes to notify all persons whose Massachusetts contracts were purchased during the putative class period that their contracts at their option may be changed to include this new language. Holiday also proposes to provide notice to all such persons that they may contact Holiday in the event they have been the victim of any loss or theft of, or damage to, property at a Holiday facility so that Holiday may follow-up on any such claim on its individual merits. Alternatively, Holiday will agree that it will not enforce the complained of language against any person whose Massachusetts contract was purchased during the putative class period.
>
> Holiday also proposes that it revise the membership provisions of its Massachusetts contract forms to afford consumers the options of: a "pay as you go" contract, under which there is only a down payment and monthly dues, with no financing; a membership for a set term of varying lengths not to exceed thirty-six months; or a renewable membership. Alternatively, Holiday is willing to revise its Massachusetts contracts to provide that any remaining balance of a financed membership fee is due in full within one month of the end of the membership and to so notify all putative class members.
>
> We believe that these good faith proposed revisions and notifications address all of the concerns Ms. Ruiz has raised concerning the language of Holiday's contract form irrespective of the lack of merit for those concerns. If you believe that these changes will not bring Holiday's form contracts into compliance with the Health Club Services Act as you interpret it or redress any injury actually resulting from the alleged violations you perceive, we invite you to let us know in writing any particular alternative suggestions you have as soon as possible.
>
> Your letter does not enable Holiday to respond with a monetary offer on a class-wide basis. First, as discussed above, Ms. Ruiz herself apparently has no damages or injury. Second, your letter provides no basis for Holiday to assess

---

[2] Bally did not join in this offer as, among other things and contrary to Ms. Ruiz's contention, it did not prepare the contract at issue nor was it a party to it.

5

the damages allegedly incurred by the other potential class members. For example and without limitation, there is no suggestion in your letter that Holiday actually ever enforced the personal property clause. Accordingly, you have provided no logical explanation as to how Ms. Ruiz, or any other member of the putative class, has been injured by the provision. If you have such information, we invite you to forward it.

In the meanwhile, in an effort to restore goodwill between Holiday and its former client, Holiday hereby offers to refund to Ms. Ruiz the monies it received under the Agreement, notwithstanding her extensive use of the facilities, personal training services, nutrition starter package, and body gem testing, along with her reasonable attorneys fees.

We believe this response renders inappropriate any litigation under Chapter 93A. See M.G.L. c. 93A, § 9(3) (recovery is limited to "relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner").

Ms. Ruiz responded by amending her complaint to add the c. 93A count.

**E.     Certifications**

The certifications required by Local Rule 16.1(D)(3) will be filed separately by each party at or prior to the August 5, 2005 Scheduling Conference.

Respectfully submitted,

| | |
|---|---|
| GISELLE RUIZ, | BALLY TOTAL FITNESS HOLDING CORP. and HOLIDAY UNIVERSAL INC., |
| Plaintiff, | Defendants, |
| By her counsel, | By their counsel, |
| /s/ John Roddy             . | /s/ Kathleen Genova                   . |
| John Roddy (BBO # 424240) | Howard M. Cooper (BBO # 543842) |
| Roddy Klein & Ryan | Kathleen M. Genova (BBO # 563359) |
| 727 Atlantic Avenue, 2d Flr. | Todd & Weld LLP |
| Boston, MA 02111 | 28 State Street |
| Phone: (617) 357-5500 | Boston, MA 02109 |
| Fax: (617) 357-5030 | Phone: (617) 720-2626 |
| roddy@roddykleinryan.com | Fax: (617) 720-5777 |
| | kgenova@toddweldcom |

Date:         July 29, 2005