UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GISSELLE RUIZ,<br>individually and on behalf of all<br>others similarly situated,<br><br>        Plaintiff<br><br>v.<br><br>BALLY TOTAL FITNESS HOLDING<br>CORPORATION, a Delaware<br>corporation, and<br>HOLIDAY UNIVERSAL, INC.,<br>a Delaware corporation,<br><br>        Defendants. | Civil Action No. 05-11052 NMG |

## DEFENDANTS' MOTION TO STAY
### (Hearing Requested)

Defendants Bally Total Fitness Holding Corporation ("Bally Holding") and Holiday Universal, Inc. ("Holiday"), hereby move for an order staying these proceedings pending the decision of the Massachusetts Supreme Judicial Court in *Albats v. Town Sport Int'l.*, SJC-09432.[1]

As discussed more fully in the supporting Memorandum submitted herewith, this case should be stayed as the identical state law issues are pending before the Massachusetts Supreme Judicial Court in *Albats*, another case brought by Plaintiff's counsel, representing a different client against a different health club. A stay will conserve the parties' and judicial resources and

---

[1] In submitting this Memorandum, Defendants expressly reserve and do not waive all their defenses to this action, including without limitation Bally Holding's defense of lack of personal jurisdiction. Defendants intend to submit a motion to dismiss at the appropriate time raising this and other defenses.

1

is well within this Court's discretion. See *Landis v. North American Co.*, 299 U.S. 248, 81 L. Ed. 153, 57 S. Ct. 163 (1936); *Kartell v. Blue Shield of Massachusetts, Inc.*, 592 F.2d 1191, 1195 (1st Cir. 1979); *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 878-79 (1st Cir. 1977); *In re Lorezapam & Clorazepate Antitrust Litigation*, 208 F.R.D. 1, 6 (D.D.C. 2002).

Bally Holding and Holiday intend to move to dismiss Plaintiff, Gisselle Ruiz's, claims in this action based on the trial court's decision in *Albats* and the statutory construction adopted therein. The Supreme Judicial Court's decision in *Albats* will be dispositive of this case assuming it upholds the trial court and, either way, at a minimum shall provide needed guidance concerning the construction of the two statutes at issue in this case, M.G.L. Chapter 93A, the Consumer Trade Protection Act, and M.G.L. Chapter 93, § 78 et seq., the Health Club Services Act. According to its Assistant Clerk, the Supreme Judicial Court's decision in *Albats* likely will be issued by early November 2005 and almost certainly before early January, 2006.

This Motion is supported by the Affidavit of Kathleen M. Genova, Esq., submitted herewith.

WHEREFORE, this Court should enter an order staying this action pending the decision in *Albats v. Town Sport Int'l.*, SJC-09432, and grant Bally Holding and Holiday such other and further relief as it deems appropriate.

### Request for Hearing

Bally Holding and Holiday request hearing of the within Motion. As grounds, they state that they believe a hearing will be of assistance to the Court and that in a case with such substantial claims asserted they desire an opportunity to present their position to the Court

directly. The Amended Class Action Complaint asserts single damages in excess of $6,900,000 and further seeks treble damages plus attorneys' fees.

>Respectfully submitted,
>
>BALLY TOTAL FITNESS HOLDING CORP.
>and HOLIDAY UNIVERSAL, INC.,
>
>By their attorneys,
>
>_____
>Howard M. Cooper (BBO #543842)
>Kathleen M. Genova (BBO # 563359)
>Todd & Weld LLP
>28 State Street, 31st Floor
>Boston, MA 02109
>(617) 720-2626

Dated: August 17, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within document was served upon counsel of record for the Plaintiff, John J. Roddy, Jr., Esq., Roddy Klein & Ryan, 727 Atlantic Avenue, Boston, MA 02111, by sending a copy of the same to him by hand-delivery this 17th day of August, 2005.

_____
Kathleen M. Genova