UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GISSELLE RUIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BALLY TOTAL FITNESS HOLDING CORPORATION, a Delaware corporation, and HOLIDAY UNIVERSAL, INC., a Delaware corporation,<br><br>Defendants. | Civil Action No. 05-11052 NMG |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY

### Introduction

Defendants Bally Total Fitness Holding Corporation ("Bally Holding") and Holiday Universal, Inc. ("Holiday"), submit this Memorandum in Support of their Motion to Stay these proceedings pending the decision of the Massachusetts Supreme Judicial Court in *Albats v. Town Sport Int'l.*, SJC-09432.[1]

### Background

Plaintiff, Gisselle Ruiz ("Ruiz"), claims that Bally Holding and Holiday violated the Massachusetts Health Club Services Act in two ways: (1) Plaintiff claims Bally Holding and Holiday violated M.G.L. Chapter 93, Section 80, which provides that no health club contract

---

[1] In submitting this Memorandum, Defendants expressly reserve and do not waive all their defenses to this action, including without limitation Bally's defense of lack of personal jurisdiction. Defendants intend to submit a motion to dismiss at the appropriate time raising this and other defenses.

shall "require payments or financing by the buyer over a period that extends more than one month beyond the expiration of the contract;" and (2) she claims that her health club membership violates M.G.L. Chapter 93, Section 78, which prohibits any provision whereby the buyer agrees "not to assert against the seller or any assignee or transferee of the health club services contract any claim or defense arising out of the health club services contract or the buyer's activities at the health club." (Amended Complaint, ¶ 1). Based solely upon these two alleged violations of the Health Club Services Act, Ruiz has brought five counts in her Amended Complaint: (1) Count I for violation of the Health Club Services Act; (2) Count II claiming that Bally Holding and Holiday have been unjustly enriched by the contract which is illegal under the Health Club Services Act; (3) Count III for "money had and received" claiming that Bally Holding and Holiday benefited from the contract which is allegedly in violation of the Health Club Services Act; (4) Count IV, which seeks a declaratory judgment that the contract violates the Health Club Services Act; and (5) Count V, which alleges that the violations of the Health Club Services Act constitute per se unfair and deceptive acts under the Massachusetts Consumer Trade Protection (the "Chapter 93A"), M.G.L. Chapter 93A.

Both the Health Club Services Act and the Chapter 93A limit standing to bring an action to those who have "suffered any injury as a result of a violation" of the Health Club Services Act or Chapter 93A respectively. In other words, there is a totem pole injury requirement: a claimant must have sustained a resultant injury to bring a claim for alleged violation of the Health Club Services Act, and the same is true under Chapter 93A. Section 86 of the Massachusetts Health Club Services Act, which provides, in relevant part: "Any buyer who has suffered any injury as a result of a violation of sections seventy-eight to eighty-eight inclusive, or the attorney general,

may bring an action for recovery of damages or other relief, including injunctive relief, multiple damages and attorney's fees, as and to the extent provided for under chapter ninety-three A." M.G.L. c. 93, § 86. Likewise, Chapter 93A allows only a person "who has been injured" to bring an action. M.G.L. c. 93A, § 9(1).

Ruiz has not alleged, and cannot, allege, that she suffered any "injury" as a result of the alleged violations of the Health Club Services Act and Chapter 93A. Instead, Ruiz simply claims that the alleged violations of the Health Club Services Act themselves constitute an injury.

In *Albats v. Town Sport Int'l., Inc. d/b/a Boston Sports Club*, No. 2002-04910, the Massachusetts Superior Court (Houston, J., presiding) held that a person who has sustained no injury may not bring a claim for alleged violations of the Health Club Services Act under the Health Club Services Act Chapter 93A or assert common law claims for unjust enrichment and money had and received. Ruiz here is represented by the same counsel who represented the plaintiff in *Albats*. A true and accurate copy of the *Albats* decision is submitted herewith as Exhibit A to the Affidavit of Kathleen M. Genova, Esq. ("Genova Affidavit").

In *Albats*, the plaintiff, identical to Ruiz here, contended that a technical violation of the Health Club Services Act constitutes a *per se* injury under Chapter 93A. In *Albats*, the plaintiff (identical to Ruiz) alleged that her health club contract violated section 80 of the Health Club Services Act because it allegedly contained a clause whereby the buyer agreed not to assert against the seller any claim or defense arising out of the health club services contract or the buyer's activities at the health club. The *Albats* plaintiff also alleged that the contract was void and unenforceable under section 83 of Health Club Services Act because it failed to provide the proper cancellation provisions in accordance with sections 81 and 82 of the Act.

Identical to Ruiz, the plaintiff in *Albats* alleged five counts based upon these alleged violations of the Health Club Services Act: (1) Count I for violation of the Health Club Services Act; (2) Count II claiming that the defendant health club had been unjustly enriched by the contract which is illegal under the Health Club Services Act; (3) Count III for "money had and received" claiming that the Defendant health club benefited from the contract which is allegedly in violation of the Health Club Services Act; (4) Count IV, which seeks a declaratory judgment that the contract violates the Health Club Services Act; and (5) Count V, which alleges that the violations of the Health Club Services Act are unfair and deceptive acts under Chapter 93A. A true and correct copy of the First Amended Complaint in *Albats* is attached hereto as Exhibit B to the Genova Affidavit.

The defendant health club in *Albats* filed a motion to dismiss or for summary judgment, asserting that the plaintiff had not suffered any injury other than the alleged violations of the Health Club Services Act themselves. The Massachusetts Superior Court in *Albats* held that a claim seeking relief for violations of the Health Club Services Act must have both a violation of the Act and an injury resulting from that violation to maintain a cause of action:

> Count I of Albats' amended complaint seeks damages pursuant to G.L. c. 93, § 86. However, as she fails to allege any injury, she lacks standing to bring this claim. The statute provides in part, that "[a]ny buyer who has suffered any injury as a result of a violation of sections seventy-eight to eighty-eight, inclusive, or the attorney general, may bring an action for recovery of damages or other relief…" G.L. c. 93, § 86. The Health Club Services Act, G.L. c. 93, §§ 78-88, provides specific rules about the form and content of contracts for health club services. Albats asserts she was injured because her contract with TSI failed to conform with sections of that statute, and thus she lost her protections under the law. However, this argument fails. A statute is to be read for its plain meaning. *Iodice v. City of Newton*, 397 Mass. 329, 332-33 (1986); *Gurley v. Commonwealth*, 363 Mass. 595, 598 (1973). The language of § 86 clearly indicates that the legislature contemplated that a plaintiff have both a contract that

> violates a provision of the act, as well as an injury resulting from that violation. Albats cannot make that showing. The defendants' motion for summary judgment on Count I is allowed. (Emphasis in original.)
>
> \*\*\*
>
> The defendants argue ... that Albats has failed to satisfy the injury requirement of G.L. c. 93A. A consumer may bring suit if he is injured by unfair or deceptive acts or practices in the conduct of trade or commerce. G.L. c. 93A, §§ 2, 9. He is entitled to damages "in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation..." G.L. c. 93A, § 9(3).
>
> Section 84 of G.L. c. 93 provides that a violation of the provisions of the statute by a seller or his agents is a per se "unfair and deceptive trade practice," violating G.L. c. 93A. Albats must also, however, show an injury resulting from the violation. *Lord v. Commercial Union Insurance Co.*, 60 Mass. App. Ct. 309, 321-22 (2004) (holding that the trial court's award of the statutory minimum $25 damages, and attorney's fees, was improper where there was a finding of fact that the c. 93A violation did not cause the plaintiff's loss), review denied, 441 Mass. 1104 (2004). The plaintiff asserts that her injury exists in the denial of her protections under G.L. c. 93. Although the "invasion of a legally protected interest" may satisfy the injury requirement of G.L. c. 93A, § 9, see *Leardi v. Brown*, 394 Mass. 151, 160 (1985), that is a limited holding. *Lord*, 60 Mass. App. Ct. at 323. "The legislature ... did not intend to confer on plaintiffs who have suffered no harm the right to receive a nominal damage award which will in turn entitle them to a sometimes significant attorney's fee recovery." *Id.*, at 321-22. The defendants' motion is allowed as to Count V.

Genova Affidavit, Exhibit A, Memorandum of Decision and Order, dated May 10, 2004, pp. 5-6, 8-9.

*Albats* involves the same core issues present here: whether a consumer may pursue a claim under the Health Club Services Act where the consumer sustained no injury from the alleged violation of that Act and, likewise, whether the consumer may maintain a claim under Chapter 93A predicated on such an alleged violation of the Health Club Services Act which caused no injury. In *Albats*, as in this case, the consumer challenged an alleged release provision

5

notwithstanding that the health club never exercised that provision. Ruiz in this case also challenges a financing provision as to which, like the release provision, she never sustained any injury.

Shortly after the Superior Court ruled in *Albats*, the Massachusetts Supreme Judicial Court issued its decision in *Aspinall v. Phillip Morris Cos. Inc.*, 442 Mass. 381 (2004). In *Aspinall*, the Supreme Judicial Court addressed Chapter 93A. The Court in *Aspinall* reaffirmed that causation is a required element of a claim under Chapter 93A. *Aspinall*, 442 Mass. at 401, citing *Massachusetts Farm Bur. Fed'n., v. Blue Cross of Mass., Inc.*, 403 Mass. 722, 730, 532 N.E.2d 660 (1989) ("In the absence of a causal relationship between the alleged unfair acts and the claimed loss, there can be no recovery.").

The *Albats* briefing to the Massachusetts Appeals Court principally focuses on whether, under *Aspinall*, Chapter 93A's injury requirement is satisfied by the alleged violations of the Health Club Services Act alone and the effect of *Aspinall* on prior Chapter 93A jurisprudence construing that statute's injury requirement or whether further "injury" is required under the Health Club Services Act, which has a separate injury requirement. It also addresses whether alleged technical violations of the Health Club Service Act can constitute injury under that same Act.

The Supreme Judicial Court *sua sponte* took the *Albats* case from the Appeals Court for direct appellate review, which is discretionary. See Mass. R. App. P. 11, a copy of which is attached as Exhibit C to the Genova Affidavit. Bally Holding and Holiday believe the Supreme Judicial Court took *Albats* on direct appellate review to clarify the scope of *Aspinall*, which Bally

6

Holding and Holiday believe cannot be applied in the expansive manner urged by the *Albats* plaintiff and Ruiz here.

The appeal to the Massachusetts Supreme Judicial Court in *Albats* has been fully briefed. According to the clerk's office, the case is scheduled for hearing on September 7, 2005. Bally Holding and Holiday anticipate that the Supreme Judicial Court's ruling in *Albats* will come down before early November 2005 or January 2006 at the latest. This is because the Supreme Judicial Court has a rule of issuing decisions within 130 days of oral argument, which is compiled with in 95% of its cases according to its Assistant Clerk. See Genova Affidavit, ¶ 2 and Exhibit D, Supreme Judicial Court Standing Order, "Time Within Which Cases May Be Determined By The Appellate Courts." Indeed, where *Albats* will be heard in September, the first month of the Supreme Judicial Court's term when its docket is clear, a decision may well be issued in less than sixty days, since cases decided early in the Court's term generally are decided in an average of sixty days, according to the Assistant Clerk. See Genova Affidavit, ¶ 2.

## Argument

### A.    This Court Has Discretion To Stay This Case Pending The *Albats* Decision.

This Court has inherent authority and discretion to control its own docket, including issuance of a stay pending decision of another case. *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 878-79 (1st Cir. 1977), citing *Landis v. North American Co.*, 299 U.S. 248, 81 L. Ed. 153, 57 S. Ct. 163 (1936).

Describing the Supreme Court's decision in *Landis*, the First Circuit explained,

> *Landis* established that, as a question of power, the district court had discretion to stay this suit pending resolution of another which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in

the determination of the questions of law involved." 299 U.S. at 253-54. While there is a heavy burden on the party requesting a stay to justify requiring "a litigant in one cause . . . to stand aside while a litigant in another settles the rule of law that will define the rights of both", there is also considerable discretion in the district court to weigh the competing interests. *Id.* at 255. We think it was within the court's discretion to conclude that the government had carried its burden in this case. Like *Landis* this case presents issues of "public moment". .... We also think that the duration of the stay is adequately circumscribed by reference to the determination of the appeal presently pending. *See* n. 1, *supra. Compare Landis, supra,* 299 U.S. at 257; *Dellinger v. Mitchell, supra,* 143 U.S. App. D.C. 60, 442 F.2d at 786-87.

*Taunton Gardens,* 557 F.2d at 879.

B. **This Court Should Stay This Case Pending The *Albats* Decision.**

The Supreme Judicial Court's ruling in *Albats*, if favorable to the health club, would be dispositive of this case, given that Ruiz has sustained no injury other than the alleged technical violations of the Health Club Services Act (which Bally Holding and Holiday in any event deny occurred). Ruiz contends that the ruling in *Albats* will not be dispositive based upon the premise that the plaintiff in *Albats* will be successful on appeal and, even if unsuccessful, that one of the two claims presented in each case are not identical to one another.

Ruiz's arguments are easily disposed of. First, the purpose of the stay is to provide this Court with the benefit of the Supreme Judicial Court's ruling in *Albats*. Whichever way that ruling goes, it either will be dispositive of this case or provide the parties and this Court with controlling precedent in ruling on Defendants' anticipated motion to dismiss. The Supreme Judicial Court almost certainly will clarify the scope of its prior decision in *Aspinall* concerning Chapter 93A's injury requirement. It also almost certainly will provide some discussion of the separate injury requirement of the Health Club Services Act, which also would be helpful to the parties and this Court as there are no decisions from either the Supreme Judicial Court or the Massachusetts Appeals Court under that statute.

Second, if the plaintiff in *Albats* is unsuccessful, then Ruiz's claims in this action will fail. Both actions raise an absolutely identical claim concerning certain release language in the parties' respective contracts. Both also raise arguments that another provision in the contract violates other technical requirements of the Health Club Services Act. In *Albats* it is a cancellation provision requirement, and in this case it is a financing term requirement. There is no distinction between the two for purposes of determining whether Chapter 93A's and the Health Club Services Act's separate injury requirements are satisfied. Both Ruiz and the plaintiff in *Albats* assert that they suffered an "injury" simply because the health club contract is allegedly in violation of the Massachusetts Health Club Services Act. Such an assertion would render the injury requirement of section 86 a nullity since every alleged violation would result in an "injury." For a consumer to maintain an action under section 80 of the Massachusetts Health Club Services Act, there must be both a violation and a resulting injury.

Unless this action is stayed, this Court will have to rule upon a motion to dismiss, which will raise an argument identical to the issue of interpretation of Massachusetts' statutes now on appeal in *Albats*. As discussed above, this Court has authority to defer its jurisdiction pending a definitive resolution of difficult state law questions before the state courts. Further, the short stay requested here, pending determination of a pending appeal which likely will be resolved in approximately sixty days and almost certainly not longer than 130 days, more than satisfies the requirement in *Landis* that the duration of a stay be moderate. See *Taunton Gardens*, 557 F.2d at 879 ("We also think that the duration of the stay is adequately circumscribed by reference to the determination of the appeal presently pending.").

In similar circumstances, in *Kartell v. Blue Shield of Massachusetts, Inc.*, 592 F.2d 1191, 1195 (1st Cir. 1979), the First Circuit held that abstention is allowed "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." 592 F.2d at 1194, quoting *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), quoting, *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, (79 S.Ct. 1070, 3 L.Ed.2d 1058) (1959).

The *Albats* appeal presents such questions. It concerns the scope of the *Aspinall* decision, which if applied in the expansive manner urged by the *Albats* plaintiff (who is represented by the same counsel as Ruiz here) would effect a fundamental change in Chapter 93A jurisprudence. *Albats* also will be the first higher court decision construing the Health Club Services Act and its separate injury requirement. The Massachusetts Supreme Judicial Court itself necessarily has already determined that the issues raised in *Albats* and the identical issues in this case present difficult questions of state law bearing on policy problems of substantial import. The Massachusetts Supreme Judicial Court *sua sponte* took *Albats* for direct review, which by statute it can only do in three situations, only two of which possibly were implicated: (1) when the issues to be decided are "questions of first impression or novel questions of law which should be submitted for final determination to the supreme judicial court" and (2) when the issues to be decided are "questions of such public interest that justice requires a final determination by the supreme judicial court." M.G.L. c. 211A, Section 10.[2]

---

[2] The third situation is when there are "questions of law concerning the Constitution of the commonwealth or questions concerning the Constitution of the United States which have been raised in a court of the commonwealth."

10

In *Kartell*, the First Circuit noted that there were appeals pending before the Massachusetts Supreme Judicial Court, which would answer crucial questions of state law raised in the *Kartell* case, just as there are in this case:

> We are informed that there are presently pending before the Massachusetts Supreme Judicial Court consolidated class actions seeking to raise several aspects of Blue Shield's relationship with participating physicians, including the ban on balance billing. *Nelson v. Blue Shield of Mass., Inc. and Massachusetts Fed'n of Physicians & Dentists, Inc. v. Blue Shield of Mass.*, Inc., No. 1497. Since an opinion in these cases may substantially, perhaps even fully, answer certain questions of state law in a way that will permit easy answers, relatively speaking, to the federal ones, this has great appeal. Especially if by any chance the proper interpretation of state law is such that a comprehensive health scheme affecting a majority of the public must be faulted, it would be better that the state court be the one to make it, or, conversely, to reject it.

592 F.2d at 1193-94 (footnote omitted). The Court also noted that abstention was consistent with the Massachusetts Supreme Judicial Court Rule allowing for questions to be certified for answer:

> In this circumstance we could take advantage of the Supreme Judicial Court's Rule 3:21, and certify questions, including, in that court's discretion, very general ones. [Citation]. However, in view of the cases that are already pending before it, in the interest of saving time and procedures in the long run, we prefer to consider simple abstention at this time.

592 F.2d at 1194.

Further, in this case, as in *Kartell*, a stay would promote judicial efficiency and conserve resources, eliminating any need for this Court to certify questions to the Supreme Judicial Court concerning the scope of *Aspinall* or the Health Club Services Act's separate injury requirement. Supreme Judicial Court Rule 1:03 allows certification to the Massachusetts Supreme Judicial Court of questions of state law which may be determinative of a cause of action pending before this Court. See Genova Affidavit, Exhibit E. Certification is appropriate in a case involving a question of state law on which there is no clear, controlling precedent. *Nuccio v. Nuccio*, 62 F.3d

14, 17-18 (1st Cir. 1995). "Certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled." *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990). Where there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary "guesses" and to offer the state court the opportunity to interpret or change existing law. *Mosher v. Speedstar Div. of AMCA Int'l., Inc.*, 52 F.3d 913, 916-17 (10th Cir. 1995).

As in *Kartell*, because there is already a case pending before the Massachusetts Supreme Judicial Court regarding the issues raised in this case, it would be more efficient to await a decision by the Massachusetts Supreme Judicial Court in *Albats* rather than certifying the same question to that Court.

This action has been filed as a purported class action, in which in excess of $6.9 million in single damages are asserted, plus a right to recover treble damages and attorneys' fees. Bally Holding and Holiday ought not be put to the burden and expense of motions to dismiss, class discovery, class certification proceedings, and other proceedings if Ruiz cannot maintain a cause of action without an "injury", nor should judicial resources be wasted in that manner.

For such reasons, a stay of a putative class action is appropriate. See, e.g., In re *Lorezapam & Clorazepate Antitrust Litigation*, 208 F.R.D. 1, 6 (D.D.C. 2002) ("In summary, a flexible balancing of the factors considered above reveals that while the denial of a stay at this juncture [pending review of certification order] would cause no irreparable harm as a matter of law, proceeding headlong with discovery and other matters before this Court has the very real potential of unnecessary wasting of significant resources of all parties (potentially even those of absent class members) and the Court, because two significant issues are currently pending before

the Court of Appeals, one of which could dispose of this litigation while the other could substantially reshape it. A short stay of all matters pending a decision from the Court of Appeal is therefore warranted.").

Finally, no harm will come to the parties by staying this case for a short time pending ruling by the Supreme Judicial Court in *Albats*, which, again, is anticipated before early November 2005 or January 2006 at the latest. There certainly would be no prejudice to Ruiz, whose counsel is litigating both that case and this one. Thus, in a real sense, Ruiz's interests are as well-protected in that case as in this one.

## Conclusion

For the foregoing reasons, this Court should enter an order staying this action pending the decision in *Albats v. Town Sport Int'l.*, SJC-09432.

Respectfully submitted,

BALLY TOTAL FITNESS HOLDING CORP.
and HOLIDAY UNIVERSAL, INC.,

By their attorneys,

_____
Howard M. Cooper (BBO #543842)
Kathleen M. Genova (BBO # 563359)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: August 17, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within document was served upon counsel of record for the Plaintiff, John J. Roddy, Jr., Esq., Roddy Klein & Ryan, 727 Atlantic Avenue, Boston, MA 02111, by sending a copy of the same to him by hand-delivery this 17th day of August, 2005.

_____
Kathleen M. Genova