UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GISSELLE RUIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BALLY TOTAL FITNESS HOLDING CORPORATION, a Delaware corporation, and HOLIDAY UNIVERSAL, INC., a Delaware corporation,<br><br>Defendants. | Civil Action No. 05-11052 NMG |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY

#### Introduction

Defendants Bally Total Fitness Holding Corporation ("Bally Holding") and Holiday Universal, Inc. ("Holiday"), submit this Reply Memorandum in Support of their Motion to Stay these proceedings pending the decision of the Massachusetts Supreme Judicial Court in *Albats v. Town Sport Int'l*, SJC-09432.

#### Argument

**I.  THE LEGAL STANDING FOR STAYING PROCEEDINGS IS SATISFIED.**

Plaintiff admits in Plaintiff's Response to Defendants' Motion to Stay ("Plaintiff's Response") that one situation warranting abstention is "when a case presents difficult questions of state law which bear on policy problems of substantial import." (Plaintiff's Response, p.4). Plaintiff argues that the issues raised in this case and in *Albats* are "settled" and, therefore, there is no basis for abstention.

Plaintiff's argument is belied by the facts that: (1) the trial court in *Albats* disagreed with Plaintiff's interpretation of the supposedly "settled" law; and (2) the Massachusetts Supreme Court *sua sponte* took the *Albats* case from the Appeals Court for direct appellate review. If the law was as "settled" as Plaintiff suggests, then the trial court in *Albats* would not have disagreed with Plaintiff's attorneys' arguments and dismissed the complaint in *Albats*, nor would the Supreme Judicial Court have taken *Albats* on direct appellate review. Plaintiff is simply arguing that the trial court in *Albats* was "mistaken" in its interpretation of the law (Plaintiff's Response, p.7) – the same issue currently on appeal in *Albats*.

The Massachusetts Supreme Judicial Court *sua sponte* took *Albats* for direct review, which by statute it can only do in three situations, only two of which are implicated here: (1) when the issues to be decided are "questions of first impression or novel questions of law which should be submitted for final determination to the supreme judicial court" and (2) when the issues to be decided are "questions of such public interest that justice requires a final determination by the supreme judicial court." M.G.L. c. 211A, Section 10. The Massachusetts Supreme Judicial Court therefore has already determined that the issues are not settled but are novel and should be submitted for determination by the Massachusetts Supreme Judicial Court and/or that the questions presented are of public interest. Thus, the Massachusetts Supreme Judicial Court has already determined that the issues raised in *Albats* and which will be raised here present difficult questions of state law which bear on policy problems of substantial import—the exact standard for abstention.

Indeed, questions and comments by the four Supreme Judicial Court justices presiding at the September 7, 2005 oral argument of *Albats* confirm that the law concerning Chapter 93A's injury requirement and the Health Club Services Act's separate "injury" requirement is not

2

"settled". These include the following:[1]

a. Chief Justice Marshall asked why *Albats* is not controlled by the decision on which the trial court relied and which both the *Albats* plaintiff and the plaintiff here contend no longer is good law, *Lord v. Commercial Union Insurance Co.*, 60 Mass. App. Ct. 309 (2004).

b. Chief Justice Marshall also commented that it is "pretty broad" to say any violation of the statute constitutes a Chapter 93A violation, and pressed counsel for the *Albats* plaintiff to identify what the deception is apart from the alleged statutory violation.

c. Chief Justice Marshall further commented that on plaintiff's theory any time a statute is violated one could make the argument that Chapter 93A has been violated, and that she believes there needs to be some limiting principle.

d. Chief Justice Marshall added that Chapter 93A requires that a consumer be "injured, not damaged, injured," and that injury seems "different" than a mere statutory violation.

e. Chief Justice Marshall observed that the cases supposedly having no injury apart from some unlawful conduct and which are relied on by the Plaintiff here and the *Albats* plaintiff, *Leardi v. Brown*, 394 Mass. 151 (1985), and *Herman v. Home Depot, Inc.*, 2001 WL 705723 (Mass. App. Div. 2001), actually involved some other injury, for example, the imposition of delay and being required to seek assistance in *Home Depot*.

f. Chief Justice Marshall further asked, in substance, "isn't the point that no-one was injured, some lawyer finds something in a form contract that might be a problem, and the health club takes it out", repeatedly suggesting that in such injuryless situations it seems more appropriate for the Attorney General's office to request that a form contract be revised than for a private citizen to bring a Chapter 93A claim.

g. Justice Greaney, who along with Justice Marshall was one of the two most active participants in the oral argument, asked questions that seemed more receptive to the *Albats* plaintiff's contention.

Notably, immediately before *Albats* was argued the Supreme Judicial Court heard argument in *Hershenow v. Enterprise Rent-a-Car Company of Boston, Inc.*, SJC-09359. The very fact that *Hershenow* was on the Court's docket and the Justices' questions in that case

---

[1] Undersigned counsel attended the Supreme Judicial Court oral argument of both *Albats* and *Hershenow*, discussed below. Counsel does not have a transcript of the hearing to provide this Court and relies on her own observations.

3

provide further evidence that the law with respect to Chapter 93A's injury requirement is not "settled". The plaintiff in *Hershenow* is represented by the same counsel as Plaintiff here and the *Albats* plaintiff. *Hershenow* apparently involves the virtually identical issue concerning Chapter 93A's injury requirement as do this case and *Albats*.[2] In *Hershenow*, the Superior Court apparently dismissed the plaintiff's Chapter 93A claim predicated on an alleged technical statutory violation by a collision waiver provision included in the form contract used by the defendant rental car company, where that provision had not been enforced against the plaintiff; in other words, where the sole alleged "injury" was the presence in a contract of an arguably illegal provision and nothing more, just as is the plaintiffs' position in this case and in *Albats*. The Justices' questioning of counsel in *Hershenow* was substantively identical with respect to that issue as it was of counsel during the *Albats* argument.

Finally, none of the cases cited by Plaintiff involves a situation where there was an appeal already pending before the Massachusetts Supreme Judicial Court, which would answer crucial questions of state law raised in the federal court proceedings. Notably absent from Plaintiff's Response is any discussion of, or attempt to distinguish, *Kartell v. Blue Shield of Massachusetts, Inc.*, 592 F.2d 1191, 1195 (1st Cir. 1979), which is on all fours with the present case. Abstention "has special appeal where a state court decision 'may substantially, perhaps even fully, answer certain questions of state law in a way that will permit easy answers, relatively speaking, to the federal ones.'" *Currie v. Group Insurance Commission*, 290 F.3d 1, 11 (1st Dist. 2002) (cited in Plaintiff's Response, pp. 3-4), *quoting Kartell v. Blue Shield of Massachusetts, Inc.*, 592 F.2d at 1193-94.

---

[2] *Hershenow* also involved an issue of whether a private right of action exists under the statute applicable to rental car agreements; that same issue is not present here or in *Albats*. That said, both this case and *Albats* do address the scope of the private right of action available under the Health Club Services Act, given that it has its own, express injury requirement.

4

## II. THIS CASE RAISES THE SAME ISSUES AS *ALBATS*.

Both *Albats* and the present case present the same underlying issues: whether a plaintiff can state a claim under Chapter 93A or the Health Club Services Act without any injury other than the alleged violation of the Health Club Services Act itself. A decision in *Albats* will answer certain substantial questions of state law raised in this case. Indeed, Chief Justice Marshall repeatedly identified that as an issue during oral argument of the *Albats* appeal, and the immediately preceding oral argument in *Hershenow*.

Plaintiff argues that this case is different from *Albats* because here Plaintiff has identified three ways that she was injured as a result of the alleged violation of the Health Club Services Act: (1) "that she and class members paid hundreds of dollars in illegal interest charges; (2) that she and class members paid and continue to pay Bally's for fees pursuant to illegal and unenforceable contracts; and (3) that she and class members were deprived by Bally's of the benefits and protections of law and suffered a diminution in value of their contracts thereby." (Plaintiff's Response, p.6). Plaintiff's argument is misleading. Allegations (2) and (3) are identical to the contentions made in *Albats*. Paragraph 35 of the First Amended Class Action Complaint in *Albats* (drafted by Plaintiff's attorneys), alleges that the plaintiff and the purported class in *Albats* were damaged because they "paid and continue to pay [the defendant for fees pursuant to void and unenforceable contracts and/or ... were deprived by [the defendant] of the benefits and protections of the law and suffered a diminution in the value of their contracts thereby." (See Exhibit B to the Genova affidavit attached to Memorandum in Support of Motion to Stay.).

Further, Plaintiff raises a red-herring in asserting that she was damaged because the interest under her contract is "illegal." Nothing in the Massachusetts Health Club Services Act

prohibits or limits finance charges. Furthermore, under the Contract, Plaintiff could avoid any finance charge at any time by simply paying off the outstanding balance due under her contract. Plaintiff's finance charges under her contract would last at the most 36 months. Plaintiff cites section 80 of the Massachusetts Health Club Services Act, which specifically provides that "[n]o contract for health club services shall be for a term longer than thirty-six months." M.G.L. c. 93, § 80. Payment of finance charges over 36 months does not render the finance charge "illegal." Plaintiff's claim is nothing more than that her contract was allegedly in violation of the Health Club Services Act so that any payments, including the finance charge, would be illegal.[3] This is the same claim raised in *Albats*.

Furthermore, Plaintiff ignores her claim that her contract was void and unenforceable because it allegedly contained a clause whereby the buyer agreed not to assert against the seller any claim or defense arising out of the health club services contract or the buyer's activities at the health club. This identical claim was raised in *Albats*. A decision in Albats will answer questions of state law identical to the questions raised in this case.

### III. PLAINTIFF WILL SUFFER NO DETRIMENT FROM A STAY.

Although Plaintiff claims that she and the class will be prejudiced by a stay, conspicuously absent from Plaintiff's response is the identification of any actual prejudice.

---

[3] Plaintiff complains that section 80 of the Act also provides that "[n]o contract for health club services shall require payments or financing by the buyer over a period that extends more than one month beyond the expiration of the contract." M.G.L. c. 93, § 80. Plaintiff's theory is her contract violated section 80 because her contract "required" payments or financing for 36 months while her initial membership was for one month. Plaintiff's theory is incorrect for a number of reasons. Under her contract, Plaintiff had the right to prepay any outstanding balance of her balance due at any time. Thus, no "financing" was required under her contract. In addition, Plaintiff could renew her membership under her contract every month. Thus, the actual length of her membership was left solely to her discretion. She cannot complain that her financing period exceeded her membership when she controlled both the duration of the financing period and the duration of her membership. Moreover, Section 80 refers to the expiration of the "contract," not the initial term of the membership. Regardless of the term of her membership, Plaintiff's contract would not expire before the expiration of her financing, which Plaintiff set at the statutorily-authorized 36 months.

6

Plaintiff's counsel is litigating *Albats*. Plaintiff complains that the 130-day rule for issuing decisions established by the Massachusetts Supreme Judicial Court Standing Order is an "administrative goal" and not a steadfast rule. Plaintiff, however, sets forth no reasons to believe that the rule will not be followed in *Albats*. There was no steadfast rule in *Kartell* either, but the Court held that the matter was properly stayed.

## Conclusion

For the foregoing reasons, this Court should enter an order staying this action pending the decision in *Albats v. Town Sport Int'l*, SJC-09432.

Respectfully submitted,

BALLY TOTAL FITNESS HOLDING CORP.
and HOLIDAY UNIVERSAL, INC.,

By their attorneys,

/s/ Kathleen M. Genova
Howard M. Cooper (BBO #543842)
Kathleen M. Genova (BBO # 563359)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: September 12, 2005