UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GISSELLE RUIZ, <br> individually and on behalf of all others <br> similarly situated, <br><br> Plaintiff <br><br> v. <br><br> BALLY TOTAL FITNESS HOLDING CORP., <br> a Delaware Corporation, and <br> HOLIDAY UNIVERSAL, INC. <br> a Delaware Corporation, <br><br> Defendants | Civil Action No. <br> 05-11052-NMG |

## JOINT MOTION TO EXTEND SCHEDULING DEADLINES BY NINETY DAYS AND CLARIFY SCHEDULING ORDER

Now come Plaintiff, Giselle Ruiz, and Defendants, Bally Total Fitness Holding Corporation ("Bally") and Holiday Universal, Inc., and jointly move that this Court extend by ninety days the deadlines in the August 5, 2005 Scheduling Order, docketed August 16, 2005.[1] As grounds, the parties state as follows.

1. This Court (Gorton, J., presiding) at an August 5, 2005 scheduling conference set certain deadlines on the assumption that the Court would rule by the end of September 2005 on the Motion to Stay that Defendants anticipated submitting, and did submit, on August 17, 2005. The Court still has the Motion to Stay under advisement.

2. Under the schedule set August 5, 2005, Defendants' motion to dismiss would be due to be filed on Monday, October 17, 2005. The primary purpose of Defendants' Motion to

1

Stay was to conserve the parties' and judicial resources by deferring briefing of the Defendants anticipated motion to dismiss until after the Massachusetts Supreme Judicial Court rules in a similar case pending before it on appeal, *Albats v. Town Sport Int'l.*, SJC-09432. The Supreme Judicial Court heard oral argument in *Albats* on September 7, 2005, and has the case under advisement.

3.  On August 16, 2005, the Clerk's Office issued electronic notice of the scheduling deadlines set at the August 5, 2005 hearing. That notice omitted several of the dates the Court orally had set, including without limitation the deadlines for briefing of Defendants' anticipated motion to dismiss.

4.  Accordingly, the parties request that this Court extend the scheduling deadlines set on August 5, 2005 and clarify the electronic scheduling order as follows:

| Deadline set 08/05/05 | Proposed new deadline | Event |
| --- | --- | --- |
| October 15, 2005 | January 16, 2006 | Motion to Dismiss |
| October 31, 2005 | January 31, 2006 | Opposition to Motion to Dismiss |
| December 1, 2005 | March 1, 2006 | Discovery begins, class certification |
| December 15, 2005 | March 15, 2006 | Automatic disclosures, class Certification |
| December 31, 2005 | April 3, 2006 | Amendments and supplements to Pleadings |
| February 28, 2006 | May 28, 2006 | Written discovery deadline, class Certification |
| March 31, 2006 | June 30, 2006 | Written discovery responses |

---

[1] In submitting this Motion, Bally expressly reserves and does not waive its defense that it is not subject in jurisdiction in Massachusetts with respect to the matter at issue in this case.

2

| Deadline set 08/05/05 | Proposed new deadline | Event (cont.) |
|---|---|---|
| April 15, 2006 | July 14, 2006 | Motion for class certification |
| April 30, 2006 | July 31, 2006 | Opposition to motion for class certification |
| May 15, 2006 | August 15, 2006 | Joint status report, mediation |
| May 24, 2006, 3:00 | August 23, 2006 | Hearing, class certification |
| June 30, 2006 | September 29, 2006 | Automatic disclosures, merits |
| August 31, 2006 | November 30, 2006 | Written discovery deadline, merits |
| September 30, 2006 | December 29, 2006 | Written discovery responses |
| October 31, 2006 | January 31, 2007 | Non-expert deposition deadline |
| November 30, 2006 | March 2, 2007 | Expert disclosures and Rule 26 expert reports |
| January 31, 2007 | April 30, 2007 | Expert deposition deadline |
| February 28, 2007 | May 28, 2007 | Dispositive motion deadline |
| March 31, 2007 | June 29, 2007 | Dispositive motion oppositions |
| May 23, 2007, 3:00 | August 23, 2007 | Final pre-trial conference |
| July 9, 2007 | October 9, 2007 | Trial |

WHEREFORE, the Court should allow this Motion, issue a revised scheduling order reflecting the above dates, and grant the parties such other and further relief as it deems appropriate.

3

Respectfully submitted,

| | |
|---|---|
| GISELLE RUIZ, | BALLY TOTAL FITNESS HOLDING CORP. and HOLIDAY UNIVERSAL INC., |
| Plaintiff, | Defendants, |
| By her counsel, | By their counsel, |
| /s/ Elizabeth Ryan | /s/ Kathleen M. Genova |
| John Roddy (BBO # 424240) | Howard M. Cooper (BBO # 543842) |
| Elizabeth Ryan (BBO # 549632) | Kathleen M. Genova (BBO # 563359) |
| Roddy Klein & Ryan | Todd & Weld LLP |
| 727 Atlantic Avenue, 2d Flr. | 28 State Street |
| Boston, MA 02111 | Boston, MA 02109 |
| Phone: (617) 357-5500 | Phone: (617) 720-2626 |
| Fax: (617) 357-5030 | Fax: (617) 720-5777 |
| ryan@roddykleinryan.com | kgenova@toddweld.com |

Date:   October 14, 2005