IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GISSELLE RUIZ,<br>individually and on behalf of all<br>others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>BALLY TOTAL FITNESS HOLDING<br>CORPORATION, a Delaware<br>corporation, and<br>HOLIDAY UNIVERSAL, INC.,<br>a Delaware corporation,<br><br>              Defendants. | Civil Action No. 05-11052 NMG |

## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(2) and 12(b)(6)

Defendants Bally Total Fitness Holding Corporation ("Bally Holding") and Holiday Universal, Inc. ("Holiday"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), move to dismiss the First Amended Class Action Complaint ("Amended Complaint") of Plaintiff Gisselle Ruiz ("Plaintiff") for each and all of the following reasons:

    1.    This Court lacks personal jurisdiction over Bally Holding as to the matters at issue in this case. Bally Holding is not subject to jurisdiction under the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, §3. The exercise of personal jurisdiction over Bally Holding would also violate due process. Accordingly, plaintiff's claims against Bally Holding should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

    2.    Plaintiff has failed to state a claim against Bally Holding. All of plaintiff's claims rest upon the assertion that Bally Holding has violated the Massachusetts Health

Club Services Act (the "Act"). Because Bally Holding is not a "seller" under the Act, Bally Holding cannot be held liable under the Act. Thus, plaintiff's claims against Bally Holding must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

3. Plaintiff's claim that Defendants violated that portion of section 80 which prohibits any requirement of payments or financing by the buyer over a period that extends more than one month beyond the expiration of the contract (the "Financing Claim") fails to state a cause of action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because:

    a. Plaintiff's contract does not require payments of financing over a period that extends more than one month beyond the expiration of the contract and, therefore, does not violate the Act.

    b. Plaintiff lacks standing to bring her Financing Claim because she has suffered no injury as a result of any alleged violation of the Act. Under the Act, a plaintiff who suffered no actual injury as a result of the alleged violation cannot assert a claim.

4. Plaintiff's claim that Defendants violated that portion of section 80 which that portion of section 80 which prohibits any contract provision whereby the health club member agrees not to assert against the seller or any assignee or transferee of the health club services contract any claim or defense arising out of the health club services contract or the buyer's activities at the health club (the "Waiver of Liability Claim") fails to state a cause of action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because:

    a. Plaintiff's contract does not contain a provision whereby plaintiff agreed not to assert against the seller any claim or defense arising out of the health club services contract or her

2

activities at the health club.

b.      Plaintiff lacks standing to bring her Waiver Liability Claim because she has suffered no loss, damage, theft or other injury as a result of any alleged violation of the Act. Under the Act, a plaintiff who suffered no actual injury as a result of the alleged violation cannot assert a claim.

5.      Plaintiff's claim for unjust enrichment fails to state a cause of action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's unjust enrichment claim depends upon plaintiff's incorrect assertion that her contract violates the Act. Because the contract does not violate the Act, Defendants have not been "unjustly enriched." Furthermore, because Plaintiff suffered no injury, she lacks standing to bring an unjust enrichment claim. Finally, Plaintiff's claim for unjust enrichment fails because there is an express contract between the parties.

6.      Plaintiff's claim for money had and received fails to state a cause of action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claim for money had and received depends upon plaintiff's incorrect assertion that her contract violates the Act. Because the contract does not violate the Act, Defendants have not received money to which they are not entitled. Furthermore, because Plaintiff suffered no injury, she lacks standing to bring a claim for money had and received. Finally, Plaintiff's claim for money had and received fails because there is an express contract between the parties.

7.      Plaintiff's claim for declaratory judgment fails to state a cause of action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claim for declaratory judgment depends upon plaintiff's incorrect assertion that her contract violates the Act. The contract does not violate the Act. Furthermore, because Plaintiff suffered no injury, she lacks standing to bring a claim for declaratory judgment.

8.      Plaintiff's claim under the Massachusetts Consumer Protection Act, Mass.

Gen. Laws ch. 93A, fails to state a cause of action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claim for under the Massachusetts Consumer Protection Act depends upon plaintiff's incorrect assertion that her contract violates the Act. The contract does not violate the Act. Furthermore, because Plaintiff suffered no injury, she lacks standing to bring a claim under the Massachusetts Consumer Protection Act.

WHEREFORE, Defendants Bally Total Fitness Holding Corporation and Holiday Universal, Inc. respectfully request that this Court enter an order dismissing the Amended Complaint with prejudice and granting Defendants such other and further relief as this Court deems just, including an award of their attorneys' fee and costs.

> Respectfully submitted,
>
> BALLY TOTAL FITNESS HOLDING CORP.
> and HOLIDAY UNIVERSAL, INC.,
>
> By their attorneys,
>
> /s/ Juliet A. Davison
> Howard M. Cooper (BBO #543842)
> Juliet A. Davison (BBO #562289)
> Todd & Weld LLP
> 28 State Street, 31st Floor
> Boston, MA 02109
> (617) 720-2626

December 30, 2005

LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Juliet A. Davison, hereby certify pursuant to Local Rule 7.1(A)(2) that prior to filing this motion, counsel for Defendants has conferred with counsel for Plaintiffs in a good faith effort to narrow or resolve the issues raised by this motion.

Dated: December 30, 2005        /s/ Juliet A. Davison
                                Juliet A. Davison