IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GISSELLE RUIZ,<br>individually and on behalf of all<br>others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BALLY TOTAL FITNESS HOLDING<br>CORPORATION, a Delaware<br>corporation, and<br>HOLIDAY UNIVERSAL, INC.,<br>a Delaware corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-11052 NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO STAY DISCOVERY AND/OR FOR PROTECTIVE ORDER PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Defendants Bally Total Fitness Holding Corporation ("Bally Holding") and Holiday Universal, Inc. ("Holiday"), pursuant to Federal Rules of Civil Procedure 26(c), hereby request that this Court stay further discovery until resolution of Defendants' Motion to Dismiss First Amended Class Action Complaint Pursuant to Rule 12(b)(2) and 12(b)(6) ("Motion to Dismiss"), and/or enter a protective order. In support of this motion, Defendants state as follows:

1.    Plaintiff's First Amended Class Action Complaint ("Amended Complaint") purports to state actions against Bally Holding and Holiday in connection with Plaintiff's health club membership contract. Plaintiff alleges that her health club contract with Holiday violates the Massachusetts Health Club Services Act in two respects: (1) a violation of that portion of Section 80 which prohibits any requirement of

1

payments or financing by the buyer over a period that extends more than one month beyond the expiration of the contract (the "Financing Claim"); and (2) a violation of that portion of Section 80 which prohibits any contract provision whereby the health club member agrees not to assert against the seller or any assignee or transferee of the health club services contract any claim or defense arising out of the health club services contract or the buyer's activities at the health club (the "Waiver of Liability Claim").

2. On December 30, 2005, Defendants filed their Motion to Dismiss. As set forth in the Motion to Dismiss, the Amended Complaint fails to state a cause of action because: (a) there is no violation of Section 80, as Plaintiff's financing period does not extend more than one month beyond the expiration of Plaintiff's contract, which fully complies with the Massachusetts Health Club Services Act; (b) Plaintiff lacks standing to bring the Financing Claim because she suffered no injury; (c) Plaintiff's Waiver of Liability Claim fails because no provision of the Contract requires the buyer to agree not to assert against the seller or any assignee or transferee of the health club services contract any claim or defense arising out of the health club services contract or the buyer's activities at the health club; and (d) Plaintiff lacks standing to bring the Waiver of Liability Claim because she suffered no injury.

3. In January 2006, the Massachusetts Supreme Judicial Court (the "SJC") issued an opinion in <u>Hershenow v. Enterprise Rent-A-Car Co.</u>, 445 Mass. 790, 840 N.E.2d 526 (2006), and affirmed dismissal of a class action complaint filed by the same attorneys who represent Plaintiff here and which raised nearly identical claims to the ones asserted in <u>Albats v. Town Sports Int'l, Inc. d/b/a Boston Sports Club</u>, No. 2002-04910 (Mass. Super. May 10, 2004), *aff'd,* (Mass. Jan. 20, 2006) (No. SJC-09432). In

Hershenow, the plaintiffs brought a class action contending that the defendant's automobile rental contract violated M.G.L. c. 93A because its terms failed to comply with the requirements of M.G.L. c. 90, § 32E 1/2, which regulates collision damage waivers in automobile rental agreements. The SJC determined that the plaintiffs could not bring an action under M.G.L. c. 93A, § 9(1), which permits an action by any person who has been "injured" by another's unfair or deceptive act or practice, because the plaintiffs had not suffered any actual loss due to the allegedly illegal damage waiver. Section 86 of the Health Club Act likewise permits a claim only by a person "who has suffered any injury as a result of a violation" of the Act. M.G.L. c. 93, § 86. Consistent with the ruling in Hershenow, on January 20, 2006 the SJC affirmed the Superior Court's decision in Albats that the language of Section 86 of the Health Club Act clearly requires that a plaintiff have both a contract that violates a provision of the Act and an injury resulting from that violation in order to maintain an action. Since Plaintiff has not and cannot allege any "injury" caused by any alleged violation of the Health Club Act, she cannot maintain any action. A copy of the Albats order is attached hereto as Exhibit A.

4.      The Motion to Dismiss has been fully briefed since March 2, 2006 and is awaiting resolution by this Court.

5.      On May 2, 2006, Plaintiff served upon Defendants the Plaintiff's Request for Production of Documents to Defendants Bally Total Fitness Holding Corporation and Holiday Universal, Inc. ("Plaintiff's Request"), a copy of which is attached hereto as Exhibit B. Despite the pendency of the Motion to Dismiss, Plaintiff's Request seeks broad, class-wide discovery as well as discovery on matters wholly irrelevant to the allegations of the First Amended Complaint.

6.  A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987), quoted in Ladd v. Equicredit Corp., 2001 WL 175236, at *1 (E.D. La. Feb. 21, 2001)(Court stayed all class discovery pending resolution of motion to dismiss); see also United Mine Workers of Am. Int'l Union v. Arch Mineral Corp., 1992 WL 392598, at *1 (D.D.C. Sept. 18, 1992)(same). "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." Anderson v. U.S. Attorneys Office, 1992 WL 159186, at *1 (D.D.C. June 19, 1992), quoted in Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001). A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Chavous, 201 F.R.D. at 2, quoting Coastal States Gas Corp. v. Dep't of Energy, 84 F.R.D. 278, 282 (D. Del. 1979).

7.  A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion. Sprague v. Brook, 149 F.R.D. 575, 755 (N.D. Ill. 1993). A court will grant a motion to stay discovery pursuant to Rule 26(c) in order to secure the "just, *speedy* and *inexpensive* determination of every action." Id. at 578, quoting Chagnon v. Bell, 642 F.2d 1248 (D.C. Cir. 1980), *cert. denied*, 453 U.S. 911 (1981). As stated in Anti-Monopoly, Inc. v. Hasbro, Inc.:

> Pursuant to Rule 26(c), it is clear that the Court has the discretion to stay discovery for 'good cause,' and that good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to

4

> dismiss. This is especially so where the stay is for a 'short' period of time and the opposing party (here, plaintiff) will not be prejudiced by the stay.

1996 WL 101277, at * 2 (S.D.N.Y. Mar. 7, 1996). Factors in determining whether a stay should be granted include: (1) whether the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law; (2) the breadth of discovery and the burden of responding to it; and (3) any unfair prejudice to the party opposing the stay. In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002). All of these factors favor a stay in this case.

8. Defendants' Motion to Dismiss has substantial grounds and a substantial foundation in law. Plaintiff has not and cannot allege a violation of the Health Club Act. Moreover, Plaintiff has not and cannot allege any "injury" caused by an alleged violation of the Health Club Act and, therefore, cannot state a cause of action. Indeed, Plaintiff's claims are virtually identical to the dismissed claims in Hershenow and Albats.

9. The breadth and burden of Plaintiff's Request also warrants a stay. Plaintiff's Request seeks expansive, class-wide discovery. Additionally, Plaintiff's Request seeks information wholly irrelevant to the claims raised in the Amended Compliant. Plaintiff's Financing Claim and Waiver of Liability Claim each assert that Plaintiff's contract on its face violates the Health Club Act. Plaintiff's Request, however, seeks: (a) all documents reflecting Bally's policies and practices relevant to selling, advertising and/or marketing memberships and/or services to potential members; (b) all promotional material used by Bally in Massachusetts; (c) all correspondence or other written documents Bally has received from or sent to persons who have requested cancellation of their membership or have complained about the cost of the membership or financing agreement; (d) all documents that describe or discuss Bally's policies or

5

practices relating to the cancellation of membership contracts; (e) all documents that describe or discuss Bally's policies or practices relating to the financing of membership fees; (f) all documents that describe or discuss Bally's policies or practices relating to loss, theft or damage to a member's personal property located at a Bally club; (g) all reports or other documents relating to loss, theft or damage to a member's personal property located at a Bally club; (h) all scripts, training materials or other documents provided to sales representatives in connection with the sale of Bally's health club memberships and/or contracts; (i) all documents, including without limitation, account ledgers, reports and/or statements that show Bally's gross revenues from Massachusetts clubs for each year beginning in 2001; (j) all complaints from current or former members relating to Bally's contracts; (k) all correspondence or other documents that have been sent to persons relating to defaulted accounts and/or collections; and (l) all documents that discuss or describe Bally's policies or practices relating to reporting information about persons to credit reporting agencies. Plaintiff is seeking virtually all documents connected to the sale, financing and collection of health club memberships and all customer information in Massachusetts from 2001 to the present. Even if this material were relevant, it would take Defendants months and enormous expense simply to collect all of the documents.

10. These documents requested have nothing to do with the issues raised in the Amended Complaint as to whether Holiday's contracts **on their face** violate the Health Club Act. Instead, because she knows that she has not stated a cause of action in the Amended Complaint, Plaintiff is engaging in a fishing expedition in the hopes of finding some other claim. "As a threshold matter, the court should be satisfied that a

claim is not frivolous, a pretense for using discovery powers in a fishing expedition." Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 597 (1st Cir., 1980), quoted in Blount Int'l, Ltd. v. Schuylkill Energy Res. Inc., 124 F.R.D. 523, 526 (D. Mass. 1989); see also Eastern Food Serv., Inc. v. Pontifical Catholic Univ. Serv. Ass'n, Inc., 357 F.3d 1, 9 (1st Cir. 2004)("[D]iscovery is not for fishing expeditions."). Plaintiff ought not to be allowed to engage in a fishing expedition in the hopes of finding another cause of action when her Amended Complaint has not stated one. As the Court stated in Roth v. Jennings:

> But allowing this case to proceed to discovery likely would facilitate a 'fishing expedition' for allegations that, at the outset, do not have any objective support. Cleveland-Goins v. City of New York, No. 99-1109, 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999). See also Waksman v. Cohen, No. 97 Civ. 7439, 1998 WL 690086, at *4 (S.D.N.Y. Oct. 2, 1998) (declining to permit Plaintiff to hold a fishing expedition without suggestion in allegations that it could be substantiated); Norvel Ltd. v. Ulstein Propeller AS, 161 F.Supp.2d 190, 208 (S.D.N.Y. 2001) (declining to allow defendant to be subjected to the 'burden and expense' of discovery where plaintiff initially failed to make a showing and discovery would 'likely result in a fishing expedition').

2006 WL 278135, at *6 (S.D.N.Y Mar. 7, 1996). "While Rule 26(b)(1) provides for broad discovery, under the new language 'courts should not grant discovery requests based on pure speculations that amount to nothing more than a fishing expedition into actions or past wrongdoing not related to the alleged claims or defenses.'" Diaz-Padilla v. Bristol Myers Squibb Holding LLC, 2005 WL 783076, at *2 (D.P.R. Apr. 4, 2005), quoting Colleens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

11. Bally expects Plaintiff to oppose this Motion to Stay Discovery on the grounds that she has responded to written discovery already. Plaintiff's responses to

Bally's requests were perfunctory and limited and were hardly burdensome, since Plaintiff simply reiterated her allegations in a conclusory manner and produced a small number of documents relating to her contract and irrelevant consumer complaints filed with the Massachusetts Attorney General's Office, which were gathered by her counsel. At this point, given Plaintiff's inadequate responses, Bally would need to initiate deposition discovery as it relates to class certification issues. It is this expensive discovery that it makes sense to avoid until the Court rules on the pending Motion to Dismiss.

12. Finally, Plaintiff will suffer no prejudice if discovery is stayed a short time pending resolution of the Motion to Dismiss. Plaintiff already filed her response to the Motion to Dismiss. There is no need for discovery on any of the issues raised by the Motion to Dismiss.

For the foregoing reasons, this Court should enter an order staying any discovery pending resolution of the Motion to Dismiss, or, in the alternative, should enter an appropriate protective order.

> Respectfully submitted,
>
> BALLY TOTAL FITNESS HOLDING
> CORP. and HOLIDAY UNIVERSAL, INC.,
>
> By their attorneys,
>
> /s/ Erica Tennyson
> Howard M. Cooper (BBO #543842)
> Juliet A. Davison (BBO #562289)
> Erica Tennyson (BBO #660707)
> Todd & Weld LLP
> 28 State Street, 31st Floor
> Boston, MA 02109
> (617) 720-2626
> etennyson@toddweld.com

                                      Norman T. Finkel
                                      William R. Klein
                                      Young, Finkel & Silbert, Ltd.
                                      33 N. LaSalle St., #900
                                      Chicago, IL 60602
                                      (312) 782-2555

Dated: May 9, 2006

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to L.R., D. Mass. 7.1(A)(2), counsel for both parties conferred on May 5 and 9, 2006 and attempted in good faith to resolve or narrow the issues, but were unable to come to a resolution.

                                      /s/ Erica Tennyson
                                      Erica Tennyson

## CERTIFICATE OF SERVICE

I, Erica Tennyson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 9, 2006.

/s/ Erica Tennyson
Erica Tennyson

**EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPREME JUDICIAL COURT
                                                SJC-09432


YEVGENIA ALBATS   vs.   TOWN SPORT INTERNATIONAL, INC., & another.


ORDER

The judgment of the Superior Court is affirmed by an equally divided court.

By the Court,

*Susan Mellen*

Susan Mellen, Clerk

Entered: January 20, 2006

5/8/06  Attest: *Susan Mellen*
                Clerk

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**COPY**

GISSELLE RUIZ,
individually and on behalf of all others
similarly situated,

                 Plaintiff

                 v.

BALLY TOTAL FITNESS HOLDING CORP.,
a Delaware Corporation, and
HOLIDAY UNIVERSAL, INC.
a Delaware Corporation,

                 Defendants

Civil Action No.
05-11052-NMG

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, BALLY TOTAL FITNESS HOLDING CORP., AND HOLIDAY UNIVERSAL, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that Defendants produce within thirty (30) days, the documents herein described and permit Plaintiff and her attorneys to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection at the offices of her counsel: John Roddy, Roddy Klein & Ryan, 727 Atlantic Ave., 2nd Floor, Boston, Massachusetts, 02111.

All definitions and rules of instructions set forth in Federal Rules of Civil Procedure 26 and 34 shall apply to all requests for documents herein.

### INSTRUCTIONS

1.    If any documents requested herein have been lost, discarded or destroyed, each such document shall be identified as completely as possible by stating the following information: the nature of the document, the author and addressee of the document, the date of the document, a brief description of the document, the date of disposal or destruction, the manner of disposal or destruction, the reason for disposal or destruction, the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document, the name of the person disposing of or destroying the document, and the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

2. With respect to any documents that the Defendants decline to produce or communications that the Defendants decline to disclose because of a claim of privilege, including work product, the Defendants should state the nature of the privilege, the legal basis for the privilege and the names of any individuals who have or have had access to the documents for which you claim privilege.

3. You are required to produce documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

4. Documents are to be produced in full; redacted documents will not constitute compliance with these requests. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of the document, is being withheld, and the reason that the document or portion thereof is being withheld.

5. In producing documents, you are requested to produce the original of each document requested, together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

6. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

7. Documents attached to each other should not be separated.

8. All requests are deemed continuing requests and you are under a duty to seasonably supplement your production of documents pursuant to the requirements of Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

Any term defined in connection with these requests shall have the same definition for the purposes of any interrogatories made in this case.

1. "Bally," "Defendants," "you," and "your" refers to the Defendants, Bally Total Fitness Corp. and Holiday Universal, Inc., their wholly-owned subsidiaries, any parent corporation, together with any successors, predecessors, affiliates, and joint ventures and any of their officers, directors, affiliates, employees or agents, including attorneys, accountants and advisors acting or purporting to act on their behalf.

2. "Plaintiff" and "Ms. Ruiz" refer to Gisselle Ruiz.

2

3. The "complaint" refers to Plaintiff's First Amended Class Action Complaint filed on July 20, 2005.

4. The "motion to dismiss" refers to Defendants' Motion To Dismiss Plaintiff's First Amended Class Action complaint, filed on December 30, 2005.

5. The term "document" means every writing or record of every type and description that is in the possession, control or custody of the Defendants, including but without limitation, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, electronic correspondence including, without limitation, electronic mail, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request any documents that might otherwise be construed to be outside its scope.

7. "Relating to" and "relates" mean, without limitation, constituting, discussing, pertaining to, covering, demonstrating or indicating knowledge of, mentioning, or referring to, directly or indirectly in any way, the subject matter identified in a particular request.

8. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular as necessary to bring within the scope of this request any information that might otherwise be construe to be outside its scope.

9. The particularity or generality of any one discovery request shall not limit any other discovery request.

10. "Correspondence" means any letter, memorandum, e-mail, facsimile or other writing containing a communication from one person to another.

11. "Employee" means any individual currently in the employ of, or at any time employed by, the Defendants.

3

12. "Person" means any natural person or any business, legal or governmental entity or association.

13. "Policy," "policies," or "procedures" mean any rule, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly, by the Defendants in conducting their business, or which was required by the Defendants to be recognized or followed by any or all persons with whom they conducted business.

14. "Retail Installment Sale Agreement," and "contract," refer to the contract the Plaintiff entered into with the Defendant, in the form attached as Exhibit A to the complaint.

15. "Class" refers to the class of persons on whose behalf the Plaintiff has brought this action, defined in the complaint as all persons who:

- a) Purchased a health club services membership at a Bally's health club in Massachusetts;
- b) Executed a contract that required payments or financing by the buyer that extended more than one month beyond the expiration of the contract; and/or
- c) Executed a contract which included a provision by which the buyer agreed that Bally's would not be liable for loss or theft of, or damage to, the personal property of members or guests.

16. "Relevant period" means the period beginning four years prior to the filing of the complaint in this action.

17. "Membership fee(s)" refers to the upfront fee Bally's charges as a condition of membership and finances over a period of 36 months.

18. "Membership dues" refers to the membership fee Bally's charges on a monthly basis as a condition of membership.

## REQUESTS FOR PRODUCTION

Please produce the following:

1. All documents relating to the Plaintiff and the Plaintiff's contract.

2. All contracts and/or agreements between each Defendant and/or their affiliates or subsidiaries.

4

3. Exemplars of any other form of membership contract Bally's used during the relevant period, other than the Retail Installment Sale Agreement.

4. All documents which support the arguments you raised in your motion to dismiss.

5. All documents reflecting Bally's policies or practices relevant to selling, advertising and/or marketing your memberships and/or services to potential members.

6. All promotional material used by Bally's in Massachusetts.

7. All correspondence or other written documents you have received from or sent to persons who have requested cancellation of their membership or have complained about the cost of membership or the financing agreement.

8. All documents that describe or discuss Bally's policies and/or practices relating to the cancellation of membership contracts.

9. All documents that describe or discuss Bally's policies and/or practices relating to the financing of membership fees.

10. All documents that describe or discuss Bally's policies and/or practices relating to the loss, theft or damage to a member's personal property located at a Bally's club.

11. All reports or other documents relating to a loss, theft or damage to a member's personal property located at a Bally's club during the relevant period.

12. All scripts, training materials, or other documents provided to sales representatives in connection with the sale of Bally's health club memberships and/or contracts.

13. All documents, including, without limitation, account ledgers, reports and/or statements that show Bally's gross revenue from Massachusetts' clubs for each year beginning in 2001.

14. All complaints from current or former members relating to Bally's contracts.

15. All exhibits or other documents which Bally's proposes to introduce at trial.

16. All documents identified in, or relating to, your answers to Plaintiff's First Set of Interrogatories.

17. All correspondence or other written documents you have sent to persons relating to defaulted accounts and/or collection.

18. All documents that describe or discuss Bally's policies and/or practices relating to reporting information about persons to the credit reporting agencies.

Dated: May 2, 2006

John Roddy, BBO #424240
Gary Klein, BBO #560769
Elizabeth Ryan, BBO #549632
Shennan Kavanagh, BBO #655174
Roddy Klein & Ryan
Telephone: (617) 357-5500 ext. 16
Fax: (617) 357-5030
roddy@roddykleinryan.com

6

CERTIFICATE OF SERVICE

I, John Roddy, hereby certify that on this 2nd day of May, 2006, I served the foregoing document by causing a true and correct copy to hand delivered by messenger to the following person(s):

Howard M. Cooper, Esq.
Juliet A. Davidson, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, Massachusetts 02109

*[signature]*
John Roddy