IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GISSELLE RUIZ,<br>individually and on behalf of all<br>others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BALLY TOTAL FITNESS HOLDING<br>CORPORATION, a Delaware<br>corporation, and<br>HOLIDAY UNIVERSAL, INC.,<br>a Delaware corporation,<br><br>    Defendants. | Civil Action No. 05-11052 NMG |

**DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY
AND/OR FOR PROTECTIVE ORDER PENDING RESOLUTION OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Bally Total Fitness Holding Corporation ("Bally Holding") and Holiday Universal, Inc. ("Holiday") (collectively "Defendants"), pursuant to Federal Rules of Civil Procedure 26(c), hereby renew their request that this Court stay further discovery until resolution of Defendants' Motion to Dismiss First Amended Class Action Complaint Pursuant to Rule 12(b)(2) and 12(b)(6) ("Motion to Dismiss"), and/or enter a protective order.[1] In support of this motion, Defendants state as follows:

1. Plaintiff's First Amended Class Action Complaint ("Amended Complaint") purports to state actions against Bally Holding and Holiday in

---

[1] Defendants previously filed their Motion to Stay Discovery and/or For Protective Order Pending Resolution of Defendants' Motion to Dismiss ("Motion to Stay") on May 9, 2005 [Docket No. 35]. On May 23, 2006, Plaintiff agreed to extend the discovery deadline until July 5, 2006 for responses to document requests served on May 2, 2006 and interrogatories served on May 15, 2006. The parties filed a Joint Motion to Extend Scheduling Deadlines [Docket No. 37], which the Court granted on May 30, 2006 and, in doing so, found Defendants' Motion to Stay moot. With the deadline for discovery responses upcoming and the Motion to Dismiss pending, Defendants renew their Motion to Stay

1

connection with Plaintiff's health club membership contract. Plaintiff alleges that her health club contract with Holiday violates the Massachusetts Health Club Services Act in two respects: (1) a violation of that portion of section 80 which prohibits any requirement of payments or financing by the buyer over a period that extends more than one month beyond the expiration of the contract (the "Financing Claim"); and (2) a violation of that portion of section 80 which prohibits any contract provision whereby the health club member agrees not to assert against the seller or any assignee or transferee of the health club services contract any claim or defense arising out of the health club services contract or the buyer's activities at the health club (the "Waiver of Liability Claim").

2. On December 30, 2005, Defendants filed their Motion to Dismiss. [Docket No. 24-25.] As set forth in the Motion to Dismiss, the Amended Complaint fails to state a cause of action because: (a) there is no violation of section 80, as Plaintiff's financing period does not extend more than one month beyond the expiration of Plaintiff's contract, which fully complies with the Massachusetts Health Club Services Act; (b) Plaintiff lacks standing to bring the Financing Claim because she suffered no injury; (c) Plaintiff's Waiver of Liability Claim fails because no provision of the Contract requires the buyer to agree not to assert against the seller or any assignee or transferee of the health club services contract any claim or defense arising out of the health club services contract or the buyer's activities at the health club; and (d) Plaintiff lacks standing to bring the Waiver of Liability Claim because she suffered no injury.

3. In January, 2006, the Massachusetts Supreme Judicial Court (the "SJC") issued an opinion in <u>Hershenow v. Enterprise Rent-A-Car Co. of Boston, Inc.</u>, 445 Mass. 790 (2006), and affirmed dismissal of a class action complaint in <u>Albats v. Town Sports Int'l, Inc. d/b/a Boston Sports Club</u>, Civil No. 2002-04910 (Mass. Super. May 10, 2004), *aff'd.* (Mass. Jan. 20, 2006), which was filed by

2

the same attorneys who represent Plaintiff here and which raised nearly identical claims to the ones asserted in this case. In <u>Hershenow</u>, the plaintiffs brought a class action contending that the defendant's automobile rental contract violated M.G.L. c. 93A because its terms failed to comply with the requirements of M.G.L. c. 90, § 32E 1/2, which regulates collision damage waivers in automobile rental agreements. The SJC determined that the plaintiffs could not bring an action under M.G.L. c. 93A, § 9(1), which permits an action by any person who has been "injured" by another's unfair or deceptive act or practice because the plaintiffs had not suffered any actual loss due to the allegedly illegal damage waiver. <u>Hershenow</u>, 445 Mass. at 802. Section 86 of the Health Club Services Act likewise permits a claim only by a person "who has suffered any injury as a result of a violation" of the Act. M.G.L. c. 93, § 86. Consistent with the ruling in <u>Hershenow</u>, the SJC affirmed the decision in <u>Albats</u> that the language of § 86 of the Health Club Services Act clearly requires that a plaintiff have <u>both</u> a contract that violates a provision of the Act and an injury resulting from that violation in order to maintain an action. Since Plaintiff has not and cannot allege any "injury" caused by any alleged violation of the Health Club Services Act, she cannot maintain any action.

4.    The Motion to Dismiss has been fully briefed since March 2, 2006, and is awaiting resolution by this Court. [Docket Nos. 24-26, 28-31.]

5.    On May 2, 2006, Plaintiff served upon Defendants Plaintiff's Request for Production of Documents to Defendants Bally Total Fitness Holding Corporation and Holiday Universal, Inc. ("Plaintiff's Request"), a copy of which is attached hereto as <u>Exhibit A</u>. Despite the pendency of the Motion to Dismiss, Plaintiff's Request seeks broad, class-wide discovery as well as discovery on matters wholly irrelevant to the allegations of the First Amended Complaint. On May 15, 2006, Plaintiff served upon Defendants Plaintiff's First Set of

Interrogatories ("Plaintiff's Interrogatories"), a true copy of which is attached hereto as Exhibit B. Plaintiff's Interrogatories similarly seek broad-class wide discovery and discovery on matters wholly irrelevant to the allegations of the First Amended Complaint.

6. On May 9, 2006, Defendants filed their Motion to Stay. [Docket No. 35.] On May 22, 2006, Plaintiff filed their Opposition to Defendants' Motion to Stay Discovery and/or for Protective Order Pending Resolution of Defendants' Motion to Dismiss ("Plaintiff's Opposition"). [Docket No. 36.] On May 25, 2006, the parties filed a Joint Motion to Extend Scheduling Deadlines. [Docket No. 37.] Anticipating a ruling on Defendants' Motion to Dismiss shortly, Defendants requested and Plaintiff agreed to extend the time to respond to Plaintiff's discovery requests until July 5, 2006.

7. Because there has been no resolution of the pending Motion to Dismiss, the same reasons for staying discovery exist now as when Defendants filed their original Motion to Stay and Plaintiff agreed to extend the time for discovery responses. Defendants have again asked Plaintiff to agree to extend the time for discovery responses, but Plaintiff has refused if Defendants' extension request is motivated by their desire to postpone discovery until the Motion to Dismiss is decided.

8. A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir.1987), quoted in Ladd v. Equicredit Corporation of America, 2001 WL 175236 at *1 (E.D. La. Feb. 21, 2001)(Court stayed all class discovery pending resolution of motion to dismiss.); see also, United Mine Workers of America International Union v. Arch Mineral Corp., 1992 WL 392598* at 1 (D.D.C. Sept. 18, 1992)(same). "It is well settled that discovery is generally considered inappropriate while a motion that would be

4

thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. U.S. Attorneys Office,* 1992 WL 159186, at *1 (D.D.C. June 19, 1992), *quoted in Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001). A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." 201 F.R.D. at 2, *quoting, Coastal States Gas Corp. v. Dep't of Energy,* 84 F.R.D. 278, 282 (D.Del.1979).

9.   A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion. *Sprague v. Brook*, 149 F.R.D. 575, 755 (N.D. Ill. 1993). A court will grant a motion to stay discovery pursuant to Rule 26(c) in order to secure the "just, *speedy* and *inexpensive* determination of every action." 149 F.R.D. at 578, *quoting, Chagnon v. Bell,* 642 F.2d 1248 (D.C.Cir.1980), *cert. denied,* 453 U.S. 911, 101 S.Ct. 3142, 69 L.Ed.2d 994 (1981). As stated in *Anti-Monopoly, Inc. v. Hasbro, Inc.,* 1996 WL 101277 (S.D.N.Y March 7, 1996.):

> "Pursuant to Rule 26(c), it is clear that the Court has the discretion to stay discovery for 'good cause,' and that good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss. This is especially so where the stay is for a 'short' period of time and the opposing party (here, plaintiff) will not be prejudiced by the stay." 1996 WL 101277 at * 2.

Factors in determining whether a stay should be granted include: (1) whether the motion appear to have substantial grounds or, stated another way, does not appear to be without foundation in law; (2) the breadth of discovery and the burden of responding to it; and (3) any unfair prejudice to the party opposing the stay. *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002).  All of these factors favor a stay in this case.

5

10. Defendants' Motion to Dismiss has substantial grounds and a substantial foundation in law. Plaintiff has not and cannot allege a violation of the Health Club Services Act. Moreover, Plaintiff has not and cannot allege any "injury" caused by an alleged violation of the Health Club Services Act and, therefore, cannot state a cause of action. Indeed, Plaintiff's claims are virtually identical to the dismissed claims in *Hershenow* and *Albats*.

11. The breadth and burden of Plaintiff's Request also warrant a stay. Plaintiff's Request seeks expansive, class-wide discovery. Additionally, Plaintiff's Request seeks information wholly irrelevant to the claims raised in the Amended Compliant. Plaintiff's Financing Claim and Waiver of Liability Claim each assert that Plaintiff's contract on its face violates the Health Club Services Act. Plaintiff's Request, however, seeks: (a) all documents reflecting Bally's policies and practices relevant to selling, advertising and/or marketing your memberships an/or services to potential members; (b) all promotional material used by Bally in Massachusetts; (c) all correspondence or other written documents you have received from or sent to persons who have requested cancellation of their membership or have complained about the cost of the membership or financing agreement; (d) all documents that describe or discuss Bally's policies or practices relating to the cancellation of membership contracts; (e) all documents that describe or discuss Bally's policies or practices relating to the financing of membership fees; (f) all documents that describe or discuss Bally's policies or practices relating to loss, theft or damage to a member's personal property located at a Bally club; (g) all reports or other documents relating to loss, theft or damage to a member's personal property located at a Bally club; (h) all scripts,

6

training materials or other documents provided to sales representatives in connection with the sale of Bally's health club memberships and/or contracts; (i) all documents, including without limitation, account ledgers, reports and/or statements that show Bally's gross revenues from Massachusetts clubs for each year beginning in 2001; (j) all complaints from current or former members relating to Bally's contracts; (k) all correspondence or other documents that have been sent to persons relating to defaulted accounts and/or collections; and (l) all documents that discuss or describe Bally's policies or practices relating to reporting information about persons to credit reporting agencies. Plaintiff is seeking virtually all documents connected to the sale, financing and collection of health club memberships and all customer information in Massachusetts from 2001 to the present. Even if this material were relevant, it would take Defendants months and enormous expense simply to collect all of the documents.

12. These documents requested have nothing to do with the issues raised in the Amended Complaint as to whether Holiday's contracts **on their face** violate the Health Club Services Act. Instead, Plaintiff, because she knows that she has not stated a cause of action in the Amended Complaint, is engaging in a fishing expedition in the hopes of fining some other claim. "As a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition." Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 597 (1st Cir., 1980), quoted in Blount International, Ltd. v. Schuylkill Energy Res. Inc., 124 F.R.D. 523, 526 (D. Mass. 1989); see also, Eastern Food Serv., Inc. v. Pontifical Catholic Univ. Serv. Ass'n, Inc., 357 F.3d 1, 9 (1st Cir. 2004)( "[D]iscovery is not for fishing expeditions.").

7

Plaintiff ought not to be allowed to engage in a fishing expedition in the hopes of finding another cause of action when her Amended Complaint has not stated one. As the Court stated in <u>Roth v. Jennings</u>, 2006 WL 278135 (S.D.N.Y. Feb. 2, 2006):

> "But allowing this case to proceed to discovery likely would facilitate a 'fishing expedition' for allegations that, at the outset, do not have any objective support. <u>Cleveland-Goins v. City of New York</u>, No. 99 Civ. 1109, 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999). See also <u>Waksman v. Cohen</u>, No. 97 Civ. 7439, 1998 WL 690086, at *4 (S.D.N.Y. Oct. 2, 1998) (declining to permit Plaintiff to hold a fishing expedition without suggestion in allegations that it could be substantiated); <u>Norvel Ltd. V. Ulstein Propeller AS</u>, 161 F.Supp.2d 190, 208 (S.D.N.Y.2001) (declining to allow defendant to be subjected to the 'burden and expense' of discovery where plaintiff initially failed to make a showing and discovery would 'likely result in a fishing expedition')." 2006 WL 278135 at *6.

"While Rule 26(b)(1) provides for broad discovery, under the new language 'courts should not grant discovery requests based on pure speculations that amount to nothing more than a fishing expedition into actions or past wrongdoing not related to the alleged claims or defenses.'" <u>Diaz-Padilla v. Bristol Myers Squibb Holding Ltd. Liability Co.</u>, 2005 WL 783076 at *2 (D.P.R., Apr. 4, 2005), quoting, <u>Collens v. City of New York</u>, 222 F.R.D. 249, 253 (S.D.N.Y.2004).

  13. Finally, Plaintiff will suffer no prejudice if discovery is stayed a short time pending resolution of the Motion to Dismiss. Plaintiff already filed her response to the Motion to Dismiss. There is no need for discovery on any of the issues raised by the Motion to Dismiss.

  14. In Plaintiff's Opposition, Plaintiff cited some older cases, none of which involved a request for a stay based upon a fully briefed motion to dismiss and expansive class-wide discovery. In <u>Coca-Cola Bottling Co. of Lehigh Valley</u>

8

*v. Grol*, 1993 WL 13139559 (E.D. Pa. Mar. 8, 1993), the Court denied the stay because only one of several defendants moved to dismiss and because the motion to dismiss would in no event be dispositive. Here, all Defendants have moved to dismiss, and the Motion to Dismiss is substantial and potentially dispositive. In *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990), the Court refused to stay discovery when the defendants requesting the stay had not even filed their motion to dismiss. The Court found it would be idle speculation as to whether any motion might succeed. *Id.* at 40. Finally, in *People With Aids Health Group v. Burroughs Welcome Co.*, 1991 WL 221179 (D.D.C. Oct. 11, 1991), the Court held that the defendant's "bald assertions" were not sufficient for a stay. Here, Defendants have a fully briefed Motion to Dismiss and SJC precedent in support. The *Burroughs Welcome* Court granted a stay in 2001, stating that "avoidance of potentially unnecessary discovery is warranted where a motion to dismiss is pending and plaintiff would not be prejudiced by a stay of discovery pending determination of the motion to dismiss." *Chavous*, 201 F.R.D. at 3, n.4, quoting *Maljack Prod., Inc. v. Motion Picture Ass'n of Am.*, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990).

15. In Plaintiff's Opposition, Plaintiff also complains that Defendants had served discovery on Plaintiff and that Plaintiff had responded shortly before the filing of the Motion to Stay. Defendants' discovery requests were limited and were not similar to the broad, class-wide discovery that Plaintiff has served. It took minimal effort for Plaintiff to respond to Defendants' discovery requests.

16. Finally, in Plaintiff's Opposition, Plaintiff incorrectly argues that Defendants' position in their Motion to Dismiss is inconsistent with positions

taken in <u>Pulcini v. Bally Total Fitness Corp.</u>, 353 Ill. App.3d 712, 820 N.E.2d 31 (2004) and <u>Robinson v. Holiday Universal, Inc.</u>, Case No. 05-05726, pending in Pennsylvania. Defendants' position is perfectly consistent with the positions taken in <u>Pulcini</u> and <u>Robinson</u>. Plaintiff falsely states that Defendants have taken the position in <u>Pulcini</u> and <u>Robinson</u> that the contract is a one month contract. As explained in Defendants' Reply Memorandum in Support of Motion to Dismiss First Amended Class Action Complaint Pursuant to Rule 12(b)(2) and Rule 12(b)(6) filed in this case [Docket No. 30], in <u>Pulcini</u> (and <u>Robinson</u>), the defendants asserted that the initial membership term is one month, but the contract does not expire because the member can renew indefinitely at his or her discretion and enjoys the contractual cancellation rights for 36 months. In other words, consistent with the argument asserted in this case, the defendants in <u>Pulcini</u> and <u>Robinson</u> have asserted that the contract does not expire after one month.

For the foregoing reasons, this Court should enter an order staying any discovery pending resolution of the Motion to Dismiss or, in the alternative, enter an appropriate protective order.

        Respectfully submitted,

        BALLY TOTAL FITNESS HOLDING CORP.
        and HOLIDAY UNIVERSAL, INC.,

        By their attorneys,

        /s/ Erica Tennyson
        Howard M. Cooper (BBO #543842)
        Juliet Davison (BBO #562289)
        Erica Tennyson (BBO #660707)
        Todd & Weld LLP

28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
etennyson@toddweld.com

Norman T. Finkel
William R. Klein
Young, Finkel & Silbert, Ltd.
33 N. LaSalle St., #900
Chicago, IL 60602
(312) 782-2555

Dated: June 29, 2005


## CONFERRAL CERTIFICATION PURSUANT TO L.R. 7.1(A)(2) AND F.R.C.P. 26(c)

I hereby certify that, pursuant to L.R., D. Mass. 7.1(A)(2) and FRCP 26(c), counsel for both parties conferred on June 28, 2006 and attempted in good faith to resolve or narrow the issues, but were unable to come to a resolution.

/s/ Erica Tennyson
Erica Tennyson

## CERTIFICATE OF SERVICE

I, Erica Tennyson, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 29, 2006.

/s/ Erica Tennyson