UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GISSELLE RUIZ,<br>individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff<br><br>        v.<br><br>BALLY TOTAL FITNESS HOLDING CORP.,<br>a Delaware Corporation, and<br>HOLIDAY UNIVERSAL, INC.<br>a Delaware Corporation,<br><br>    Defendants | Civil Action No.<br>05-11052-NMG |

**Gisselle Ruiz's Opposition To Bally's Renewed Motion To Stay Discovery And/Or For Protective Order Pending Resolution Of Bally's Motion To Dismiss**

**Introduction**

Two months ago Ms. Ruiz responded to Bally's discovery.[1] Two days later, Bally's filed a motion to stay its responses to Ms. Ruiz's discovery requests. Ms. Ruiz opposed Bally's motion, noting primarily that Bally's had reviewed her discovery responses but sought to preclude her from obtaining any discovery from Bally's pending this Court's decision on Bally's Motion To Dismiss.

Two days after Ms. Ruiz filed her opposition, Bally's agreed to produce its discovery responses by July 5th. The parties filed a proposed amended scheduling order to memorialize this agreement, and the Court entered that order. Now, Bally's blithely admits that it never intended to provide discovery by the July 5th deadline. Its stated reason for seeking another extension is

---

[1] The defendants are Bally Total Fitness Holding Corporation and Holiday Universal, Inc. (collectively referred to as "Bally's").

that it believes that the Court will rule on its Motion To Dismiss before its responses are due, and as it expects the Court to rule in its favor, it has simply decided not to comply with the amended scheduling order. Bally's reasoning may demonstrate both hubris and chutzpah, but it lacks any grounding in either law or equity.

Bally's first motion was incredible enough – its underlying premise was that Bally's should be able to review Ms. Ruiz's discovery but that she could not review Bally's. Bally's essentially got what it wanted via the stipulated amended scheduling order, although Ms. Ruiz had no idea that Bally's had a hidden agenda. But now, in renewing its abortive motion and admitting that it never intended to honor the July 5th deadline, Bally's is abusing the discovery process.

Bally's has no right to an extension of any sort. The only real question before the Court on Bally's motion is what type of order may appropriately rectify the situation as it now stands.

## Facts

**Bally's First Unsuccessful Motion To Stay**

Bally's filed a motion to stay this litigation in August, 2005, arguing, among other things, that Ms. Ruiz did not have standing because she had suffered no "injury" as defined by the Health Club Act and Chapter 93A. Bally's made an unsuccessful attempt to support its argument by analogizing Ms. Ruiz's claims and injuries with those present in *Albats v. Town Sport Int'l., Inc. d/b/a Boston Sports Club,* No. 2002-04910 (Mass. Super. May 10, 2004) *aff'd* (Mass. Jan. 20, 2006)(No. SJC-09432). The Court denied Bally's Motion To Stay on November 29, 2005. [Docket No. 23].

**Bally's Second Motion To Stay, Rendered Moot By Its Ostensible Agreement To The Entry Of An Amended Scheduling Order Requiring Its Discovery Responses By July 5th**

Bally's filed its Motion To Dismiss on December 30, 2005. Two months later, on March 3, 2006, Bally's served Ms. Ruiz with its First Request For Production Of Documents and First Set Of Interrogatories. At this time, Bally's had not yet served its initial disclosures under Fed. R. Civ. P. 26(a). On or about March 22, 2006, counsel conferred about the scheduling order to confirm dates and deadlines. Ms. Ruiz began preparing her responses to Bally's discovery requests, and on two occasions, requested minimal extensions of time to serve her responses, to which Bally's consented.

Despite knowing that Ms. Ruiz was spending time and resources preparing her responses, Bally's did not request a stay of discovery during this period. In fact, Bally's never requested a stay during the 4-month period between filing its Motion To Dismiss and seeking a stay from the Court. Rather, Bally's asked Ms. Ruiz's counsel to assent to a stay of its obligation to provide discovery responses *two days after receiving and reviewing Ms. Ruiz's responses to its discovery requests*, on May 4, 2006.

Ms. Ruiz, through counsel, informed Bally's that she would agree to a stay of discovery pending the court's ruling on its Motion To Dismiss if Bally's could represent that it had not reviewed her discovery responses. Bally's could not make that representation and admitted that it had already reviewed her responses. Regardless, on May 9, 2006, Bally's filed the Motion To Stay Discovery.

The day after Ms. Ruiz filed her opposition to Bally's Motion To Stay, counsel for Bally's contacted Ms. Ruiz's counsel to request an extension of time until July 5, 2006 to

3

respond to her discovery requests.[2] In good faith, Ms. Ruiz agreed to the requested extension. The parties further agreed to propose an amended scheduling order based on Bally's July 5, 2006 discovery deadline. The Court granted the parties' scheduling request on May 30, 2006 and rendered Bally's Motion To Stay moot based on the parties' agreement.

### Bally's Third (Renewed) Motion To Stay, Filed In Contravention Of The Amended Scheduling Order It Previously Agreed To Meet

On June 29, 2006, Bally's filed a Renewed Motion To Stay Discovery And/Or For Protective Order Pending Resolution Of Defendants' Motion To Dismiss, ("Renewed Motion"). [Docket No. 39]. In its Renewed Motion, Bally's outlines its arguments in favor of stay in 16 paragraphs, 11 of which are identical to those in its original Motion To Stay filed on May 9th. [Docket No. 35]. To avoid redundancy, Ms. Ruiz addresses only the new factual allegations and arguments set forth in Bally's Renewed Motion and refers the Court to her previously filed Opposition To Bally's Motion To Stay, filed on May 22, 2006. [Docket No. 36].

On June 27, 2006, counsel for Bally's contacted Ms. Ruiz's counsel and requested a second extension of time to respond to her discovery requests. In the telephone conversation, Bally's counsel stated that the basis for its request was Bally's belief that it should not be obligated to produce discovery while its Motion To Dismiss is pending. Bally's acknowledges this in its Renewed Motion; "anticipating a ruling on Defendants' Motion To Dismiss shortly, Defendants requested and Plaintiff agreed to extend the time to respond to Plaintiff's discovery requests until July 5, 2006." [Renewed Motion ¶6].

Although Ms. Ruiz is now aware that the reason underlying Bally's July 5, 2006 extension request was its belief that this Court would rule on its Motion To Dismiss by that date,

---

[2] Bally's requests would have been otherwise due on June 1, 2006 (Request for Production of Documents) and June 14, 2006 (First Set of Interrogatories). Fed. R. Civ. P. 34(b) and 33(b)(3).

4

she did not know this was Bally's intention at the time she agreed to its request. To the extent Bally's representation in its Renewed Motion implies that Ms. Ruiz agreed to the initial extension because she also anticipated a ruling on the Motion To Dismiss, this is incorrect. There was no such understanding between the parties. Ms. Ruiz was merely acting in good faith and allowed the extension as a courtesy.[3]

In filing its Renewed Motion under these circumstances, Bally's has acted inconsistently with the spirit of the discovery rules, which provide a framework for resolving disputes. *See, e.g.,* Fed. Rules Civ. P. 29, 33(b), 34(b), 37(a). Bally's claims that Ms. Ruiz's discovery requests are expansive and irrelevant as one justification for its request for a stay. [Renewed Motion, ¶11]. However, at no time has Bally's asked Ms. Ruiz to narrow the scope of her discovery requests, nor has it initiated any discussion with Ms. Ruiz's counsel to address its concerns. Without following the appropriate procedures to resolve discovery disputes in the first instance, Bally's cannot then argue that the "breadth and burden of [Ms. Ruiz's] request[s] … warrant a stay." *Id.*

Bally's further argues that a discovery stay is warranted because it is likely to prevail on its Motion To Dismiss. [Renewed Motion, ¶10]. For the reasons set forth in Ms. Ruiz's Opposition To Bally's Motion To Dismiss First Amended Class Action Complaint [Docket No. 28] as well as her previously filed Opposition To Bally's Motion To Stay, this argument has no merit. Bally's primary contention – that the decisions in the *Hershenow* and *Albats* cases should

---

[3] Ms. Ruiz offered Bally's an additional 21-day courtesy extension in response to its second request for an extension. This offer was conditioned upon Bally's immediately producing those discovery responses and documents that it had generated to date, with the further proviso that Bally's had a reasonable and substantive partial response prepared. Bally's refused, presumably because it had not prepared any discovery responses.

determine the disposition of this case – is based on a comparison of apples and oranges. This case raises unique issues not present in *Hershenow* or *Albats*.

Finally, Bally's claims that Ms. Ruiz and the class she seeks to represent will suffer no prejudice if discovery is stayed a "short time" pending resolution of the Motion To Dismiss. [Renewed Motion, 13]. As an initial matter, Ms. Ruiz has already been prejudiced by the fact that she has responded to Bally's discovery requests and Bally's has reviewed her responses, but refuses to provide Ms. Ruiz with its responses. Next, by virtue of its extension requests and refusal to produce discovery pending its Motion To Dismiss, Bally's has effectively created a *de facto* stay. Furthermore, Bally's argument presumes that the Court will soon rule on Bally's Motion To Dismiss, and presumes that the Court will rule in its favor. This is unfounded speculation and not sufficient to warrant a stay.

A discovery stay will prejudice Ms. Ruiz by creating undue delay in adjudicating her rights and those of the class she seeks to represent. If Bally's request to stay discovery is granted and its Motion To Dismiss is subsequently denied, time that could have been spent producing discovery and addressing likely discovery disputes will have been wasted. The discovery process is already well underway; both sides have exchanged requests and Ms. Ruiz has responded to Bally's. To halt the process at this phase does not make sense. Meanwhile, there is ongoing harm, as unwitting consumers continue to get locked into Bally's illegal long-term health financing arrangements, contracts from which Bally's continues to profit at the expense of Massachusetts' consumers.

WHEREFORE, Ms. Ruiz respectfully requests that this Court enter an order denying Bally's original and renewed Motions To Stay Discovery And/Or For Protective Order Pending Resolution Of Defendants' Motion To Dismiss.

        Respectfully submitted,
        Gisselle Ruiz,
        By her attorneys,

        /s/ John Roddy
        John Roddy, BBO #424240
        Gary Klein, BBO #560769
        Elizabeth Ryan, BBO #549632
        Shennan Kavanagh, BBO #655174
        Roddy Klein & Ryan
        727 Atlantic Avenue, 2d Floor
        Boston, MA 02108
        Telephone: (617) 357-5500 ext. 16
        Fax: (617) 357-5030
        roddy@roddykleinryan.com

Dated: July 3, 2006